BANK OF THAYER, A CORPORATION, RESPONDENT, v. ALBERT KUEBLER, AND FRED E. KUEBLER, CO-PARTNERS D/B AS KLUMP TRANSFER CO., APPELLANTS.—219 S. W. 2d 297.

Kansas City Court of Appeals. Opinion delivered March 7, 1949.

*Balke & Kelly* and *Len L. Balke* for appellants.

778.

*Richard K. Phelps* for respondent.

DEW, J.—The respondent, as plaintiff below, brought this suit in replevin to recover possession of a truck, and for damages for alleged detention thereof. The bank claimed a special interest under a chattel mortgage on the truck after an alleged default of payment. The defense was lack of actual and constructive notice of the mortgage on the part of the defendants. There was a judgment for plaintiff for possession of the property found to be of the value of $317.18 or, at plaintiff's election, for the sum of $317.18, with costs. Defendants have sought to appeal.

We regret the procedural situation in this case that makes it unnecessary to state more fully the evidence and issues involved and prevents a consideration of the merits, and which compels us otherwise to dispose of this appeal under the Code of Civil Procedure (Laws of Mo. 1943, pp. 353-397) and Supreme Court rules.

Respondent has filed with us its motion to dismiss the appeal for failure of the defendants to file a notice of appeal within the time required by law. The facts respecting this motion are uncontroverted. The verdict and judgment for plaintiff were entered November 19, 1947. Defendants' amended motion for new trial was timely filed, on to-wit, November 29, 1947, which was overruled on February 7, 1948. On February 26, 1948, within the same term, the court entered an order finding that defendants were never notified of the court's ruling on their motion for new trial; that no constructive notice was given them by publication in The Daily Record, "the newspaper in which such matters are customarily set out", and that by reason of such lack of notice defendants had been deprived of an opportunity to perfect an appeal; whereupon, the court set aside its order of February 7, 1948, overruling said motion for new trial, and entered

a new order overruling the same as of February 26, 1948. Thereafter, on March 3, 1948, defendants filed notice of appeal from said judgment of November 19, 1947.

Appellants contend that the order of the court of February 26, 1948, setting aside its order of February 7, 1948, overruling the motion for new trial and entering a new order to the same effect as of February 26, 1948, was within 90 days after the motion for new trial was filed, was within 30 days after the original order was made and within the same term of court; that the court had power to set aside its order of its own volition during the same term; that the notice of appeal was filed within ten days after the last order overruling the motion for new trial; that the Civil Code provides for such liberal construction of its requirements, as to secure just, speedy and inexpensive determination of every action; that justice would not be served by dismissing the appeal because of circumstances beyond appellant's control, and that respondent has not been harmed or misled in the premises.

We are profoundly conscious of the intent of the new Code of Civil Procedure to liberalize and to simplify the method of procedure in our trial and appellate courts, and are familiar with the rules of the Supreme Court that are designed to achieve that salutary purpose, and the opinions of the appellate courts which are calculated to apply and to effectuate that spirit and objective. Under the Code itself and under the rules of court suspension or modification of certain technical requirements, extension of time and certain other instances of elasticity are authorized under certain conditions. Those instances so far as the appellate procedure is concerned, pertain principally to matters of briefs and transcripts of the record in situations wherein suspension or modification of such rules will prevent an injustice (See Code, Sections 129, 130, 138, 139, Rules 1.15, 1.28). All this is to the end that the court may "facilitate and increase the disposition of cases on their merits", and to "minimize the number of cases disposed of on procedural questions". (Rule 1.28).

It was said by the Supreme Court in Baldwin v. Desgranges, 199 S. W. 2d 353, 355, concerning the timeliness of a transcript of the record:

"Only in exceptional circumstances could an action be justly disposed of by dismissing a meritorious appeal. The spirit of the new civil code undoubtedly is to dispose of appealed causes on their merits unless delinquency in the procedural steps to appeal have been too grave to condone, and there is no such situation here".

But there are certain positive limitations in the provisions of the Code beyond which no court is authorized to extend its discretion. One of these is that the court "may not enlarge the period for filing a motion for or granting a new trial, or for commencing an action or

taking an appeal as provided by this code". (Code Sec. 6(6)). Another is that no appeal is effective without a notice of appeal, filed either within ten days after the judgment becomes final (Code Sec. 129) or within six months after the judgment has become final, under special order of the appellate court on application (Code Sec. 130). Without timely notice of appeal under one or the other of such sections the appellate court acquires no jurisdiction.

However, appellants contend that they did file a proper notice of appeal, and that the same was timely. The matter requires our careful consideration of each step taken and its nature, time and effect. It must be conceded that defendants' motion for new trial filed November 29, 1947, was proper and timely since the judgment was entered November 19, 1947. By the timely filing of such motion the finality of the judgment was suspended. When, within 90 days after the motion for new trial was filed, the court disposed of it by overruling it (February 7, 1948), the judgment then became final (Code Sec. 116, Rule 3.24). Thereafter the court had no further authority to disturb the judgment or its finality. The 30 day period following the date of the judgment during which the court had control of the judgment had expired. (Rule 3.25). The court term is no longer considered in computation of time in such matters under the new Code (Code Sec. 6(c) ). The 90 day period from the date the motion for new trial was filed, at the expiration of which the motion, if not yet disposed of, is deemed overruled and the judgment thereby becomes final, does not apply here because the motion was overruled by the court within that period (Code Sec. 118, Rule 3.24).

Hence, the order of the court on February 26, 1948, setting aside its previous order of February 7, 1948, overruling the motion for new trial, and entering a new order as of February 26, 1948, overruling that motion, was without jurisdiction and is null and void. As was said in Camden v. St. Louis Public Service Co., 206 S. W. 2d 694, 703: "We know of no lawful method which would authorize the trial court to 'hold in abeyance' the judgment which had become final". It follows that the notice of appeal filed March 3, 1948, from a judgment that had become final February 7, 1948, was not filed within ten days after the judgment became final and was, therefore, too late (Code Sec. 129). Neither the trial court nor this court has power to enlarge that period under that section (Code Sec. 6(b) ). Woods, et al. v. Cantrell (Sup.) 201 S. W. 2d 311; Camden v. St. Louis Public Service Co. (App.) 206 S. W. 2d 699, 703; Gockel v. Jenkins (App.) 210 S. W. 2d 691; McPike v. St. Louis County Bank (App.) 193 S. W. 2d 961; Rosbrugh v. Motley, et al., 216 S. W. 2d 165, 170.

Appellants contend that it would be unjust to dismiss this appeal because of circumstances beyond their control and their power to avoid or correct. One of the purposes of Code Section 130 is to afford relief to a litigant desiring to appeal when the time allowed therefor

under Section 129 has expired. It permits the proposed appellant in such case, within six months after the date of the final judgment, to apply to the appellate court for a special order permitting the filing of a notice of appeal upon showing no culpable negligence on the applicant's part, and that there is merit in his appeal. Of this plain and adequate remedy the appellants herein failed to avail themselves, but elected to prosecute their appeal without complying with jurisdictional requirements concerning which this court has no power of suspension or modification. Our authority is prescribed by the Code and Supreme Court rules, and the positive limitations thereof cannot be evaded. Under the facts and the law, this court has no jurisdiction of this appeal and no choice except to sustain the respondent's motion to dismiss it. It is so ordered. All concur.