243 S.W.2d 116 (1951)
HYNES et al.
v.
RISCH et al.
No. 28056.
St. Louis Court of Appeals. Missouri.
October 16, 1951.
Joseph C. Miller, Melvin Risch, St. Louis, for appellants.
R. Forder Buckley, St. Louis, for respondents.
WOLFE, Commissioner.
This is an action for breach of contract which, upon trial, resulted in a verdict and judgment for the plaintiffs in the sum of $2250. The defendants seek to prosecute an appeal from the judgment.
A statement of the evidence is not necessary since we are confronted with a matter of procedure which leaves us without jurisdiction. The judgment was entered on March 30, 1950, and within proper time a motion for a new trial was filed. This motion for a new trial was overruled on May 1, which was thirty-two days after the judgment. The court made later orders, which are as follows:
"And thereafter on the 2nd day of May, 1950, it appearing to the court that time was granted to file briefs, and that the ruling on the motion for a new trial was made before such time expired, that the order and ruling on said motion entered on May 1st is set aside and said motion is reinstated.
"And thereafter, on the 15th day of May, 1950, defendants' motion for a new trial and directing verdict was overruled."
On May 23, a notice of appeal was filed.
Section 512.050, R.S.Mo.1949, provides: "When an appeal is permitted by law from *117 a trial court and within the time prescribed, a party or his agent may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice * * * shall be filed not later than ten days after the judgment or order appealed from becomes final."
If May 15, the date of the last entry, was the day the judgment became final, then the appeal would be within time, but, if the judgment became final on May 1, then the appeal was obviously late since the ten days in which the notice would have to be filed to be effective would have passed. Since the right of appeal is statutory a notice of appeal filed after the time prescribed by the statute leaves us without jurisdiction. As stated in Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657, 660, "The vital step for perfecting an appeal is the timely filing of a notice of appeal * * *."
For the purpose of appeal a judgment becomes final thirty days after its entry if no timely motion for a new trial is filed. This time is so set because the trial court may within thirty days after the entry of the judgment order a new trial under Section 510.370, R.S.Mo.1949. When a motion for a new trial is filed the judgment does not become final until the motion is disposed of either by the passing of ninety days when it is deemed denied under Section 510.360, R.S.Mo.1949, or by the court acting upon the motion prior to the expiration of the ninety day period. The above section and Section 510.340, R.S.Mo. 1949, as clarified by Supreme Court Rule 3.24, have been construed to mean that when the thirty days after the entry of judgment have passed and the motion for a new trial is ruled upon, the judgment is then final, and the trial court is without further power to disturb it.
A situation somewhat similar to the one before us confronted the Kansas City Court of Appeals in Bank of Thayer v. Kuebler, 240 Mo.App. 776, 219 S.W.2d 297, 299, where the trial court set aside its ruling on a motion for a new trial because notice of its ruling had not been accorded the defendant. In that case, as in this one, the circuit court later reentered an order overruling the motion for a new trial and the defendant within ten days of the later order sought to appeal. On appeal the court stated: "When, within 90 days after the motion for new trial was filed, the court disposed of it by overruling it (February 7, 1948), the judgment then became final * * *. Thereafter the court had no further authority to disturb the judgment or its finality. The 30 day period following the date of the judgment during which the court had control of the judgment had expired." Starr v. Mitchell, Mo.Sup., 237 S.W.2d 123; Krummel v. Hintz, Mo.App., 222 S.W.2d 574.
On May 1, thirty-two days after the entry of the judgment, when the trial court overruled the motion for a new trial, the judgment became final and the orders that followed attempting to set aside the order of May 1 were void.
The defendants had a period of ten days after May 1 to file their notice of appeal, and since the notice was not filed until May 23 it was of no effect.
It follows that the appeal should be dismissed, and the Commissioner so recommends.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The appeal is accordingly dismissed.
BENNICK, P. J., and ANDERSON, J., concur.
RUDDY, J., not sitting because not a member of the court at the time of argument and submission.