E. C. HEARD, Administrator of Estate of Mary L. Heard, Deceased, Plaintiff-Appellant,

v.

Estate of J. Grant FRYE, Deceased, Defendant-Respondent.

No. 7694.

Springfield Court of Appeals.

Missouri.

Dec. 31, 1958.

Motion for Rehearing Overruled Jan. 20, 1959.

Eugene V. Krell, St. Louis, for plaintiff-appellant.

Vogel & Frye, Cape Girardeau, for defendant-respondent.

STONE, Presiding Justice.

This is an attempt by plaintiff to appeal from an order entered by the circuit court on November 4, 1957, overruling plaintiff's motion to reinstate his suit for $3,334.96 against the estate of J. Grant Frye, deceased. The case is pending here on three motions, to-wit, (1) plaintiff's "Motion for Continuance and Leave to File Brief," (2) plaintiff's "Application for Further Time for Taking Steps to Perfect Appeal" with attached affidavit of plaintiff, five single-spaced typewritten pages in length, and (3) defendant's motion to dismiss the appeal, which is predicated on (a) the fact that plaintiff's notice of appeal was filed on November 16, 1957, twelve days after the date of entry of the order from which an appeal was sought, and (b) plaintiff's failure to file a transcript on appeal.

In the absence of any information as to the contents or language of plaintiff's motion to reinstate his suit or of the court's order overruling that motion, we have assumed for the purposes of this opinion (without, however, so determining) that such order was one from which an appeal might have been taken. Section 512.020. (All statutory references herein are to RSMo 1949, V.A.M.S.) So assuming, nevertheless defendant's motion to dismiss is well-taken. Adverting first to the notice of appeal, plaintiff's affidavit (attached to one of his motions here pending) recites that the notice of appeal was filed on November 14, 1957, but the certificate of the circuit clerk (on which we should and do rely) confirms defendant's assertion that the notice was not filed until November 16, 1957. The plain and unmistakable mandate of Section 512.050 is that no appeal "shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." Our courts have said many times that the right of appeal is purely statutory [Pizzo v. Pizzo, 365 Mo. 1224, 295 S.W.2d 377, 379(2);

Weir v. Brune, 364 Mo. 415, 262 S.W.2d 597, 599(4); Tucker v. Miller, 363 Mo. 820, 253 S.W.2d 821, 823(1); Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W.2d 693, 695(1), 34 A.L.R.2d 972; Collier v. Smith, Mo.App., 292 S.W.2d 627, 629(1)]; and, although courts have discretionary power to extend the time for the doing of many acts, they may not enlarge the period within which an appeal may be taken. Section 506.060, subd. 2 (2); Kattering v. Franz, 360 Mo. 854, 856, 231 S.W.2d 148, 149; Hance v. Johnson, Stephens & Shinkle Shoe Co., Mo.App., 306 S.W.2d 80, 82(2); Bank of Thayer v. Kuebler, 240 Mo.App. 776, 781, 219 S.W. 2d 297, 299.

It has been pointed out repeatedly that the timely filing of a notice of appeal is the vital step for perfecting an appeal and is an essential prerequisite to appellate jurisdiction. Starr v. Mitchell, 361 Mo. 908, 237 S.W.2d 123, 124–125(3); Byers v. Zuspann, Mo.App., 257 S.W.2d 384, 387(1); Hynes v. Risch, Mo.App., 243 S.W.2d 116, 117(2). Consult also Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657, 660(4); Woods v. Cantrell, 356 Mo. 194, 201 S.W.2d 311, 314–315(2). Where, as in the case at bar, the notice of appeal was not filed within the permitted time, we have no alternative other than to dismiss the appeal, notwithstanding our disposition and desire to accord a liberal construction to statutes and rules pertaining to appellate procedure. State v. Robbins, Mo., 269 S.W.2d 27, 29; Perr v. Perr, Mo.App., 227 S.W.2d 490, 492(3); Krummel v. Hintz, Mo.App., 222 S.W.2d 574, 576(3). To the same effect, see State v. Parker, Mo., 310 S.W.2d 923, 924(2); State ex rel. State Highway Commission of Missouri v. Graeler, Mo.App., 303 S.W. 2d 944, 947–948(3).

Since the appeal must be dismissed anyway, we eschew the uninviting and unrewarding task of separating the wheat from the chaff in plaintiff's motions and affidavit. However, it may be

noted that plaintiff's "Motion for Continuance and Leave to File Brief" rests solely on the averment that, on November 12, 1958 (almost one year after the date of filing of the untimely notice of appeal), plaintiff's present counsel filed *in the circuit court* a motion to extend the time for filing the transcript on appeal. Certainly, no such request could be granted by the circuit court at this late date, for Supreme Court Rule 3.26, 42 V.A.M.S., plainly provides that "the trial court shall not extend the time for filing the transcript on appeal for a longer period than six months from the date the notice of appeal is filed in the trial court." See Mueller v. Burchfield, Mo.App., 207 S.W.2d 546.

By his "Application for Further Time for Taking Steps to Perfect Appeal," plaintiff seeks to invoke the exercise of *our* discretionary power under Supreme Court Rule 1.30, 42 V.A.M.S., to extend the time for filing the transcript on appeal. It is true that, after expiration of the period of six months for (and during) which the trial court has the power to grant extensions, an appellate court *can* grant further time for filing the transcript [Clader v. City of Neosho, 354 Mo. 1190, 193 S.W.2d 620, 621]; but, the unambiguous language of Section 506.060, subd. 2(2) makes it crystal clear that, *after* expiration of the specified period for filing the transcript, no court is authorized to grant an extension unless "the failure to act was the result of excusable neglect." Without unnecessarily lengthening this opinion by detailing and discussing the allegations in plaintiff's "Application" and attached affidavit, it will suffice to say that, in our considered judgment, they do not demonstrate the "excusable neglect" contemplated and required by Section 506.060, subd. 2(2) as a prerequisite to extension of the time for filing the transcript, *after* expiration of the specified period.

Plaintiff's motions are overruled, defendant's motion to dismiss the appeal is sustained, and the appeal is dismissed.

McDOWELL and RUARK, JJ., concur.