Ronald A. JENKINS, Appellant,

v.

Billy D. ROBERTS, Respondent.

No. 24740.

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1967.

John A. Watkins, Kansas City, for appellant.

Phillips & Rice, Independence, for respondent.

HOWARD, Presiding Judge.

This is a suit wherein plaintiff seeks damages for the conversion of a super-modified racing car, together with punitive damages. The defendant counterclaimed on an open account. A jury trial resulted in verdict and judgment for plaintiff on his cause of action in the amount of $2,500.00 actual damages, $600.00 interest and $2,750.00 punitive damages, and for plaintiff on defendant's counterclaim. In the view we take of the case, a more extended statement of facts is not required. We shall refer to the parties as they appeared in the trial court.

Verdict was returned and judgment entered September 12, 1966. Thereafter, defendant filed a motion for new trial on September 21, 1966 and an amended motion for new trial on September 22, 1966, all within the time allowed for filing the motion for new trial. After hearing on this motion, the court entered the following order on November 4, 1966:

"Now on this day defendant's Motion for a New Trial will, by the Court, be overruled if the plaintiff within ten (10) days from date files a remittitur of $1,-500.00 from that part of the verdict pertaining to punitive damages, and if said remittitur is not made, defendant's Motion for a New Trial will be by the Court sustained."

Thereafter, by letter dated November 8, 1966, the attorney for the plaintiff requested that the court hear argument on the propriety on this order because the motion for new trial did not raise the question of excessiveness of the verdict but only raised the question that the verdict was based upon bias and prejudice; that in such circumstances the trial court was not authorized to grant a remittitur but was only authorized to overrule the motion or enter an outright grant of a new trial if it found bias and prejudice. The next entry in the transcript is a recital that: "(Thereafter, the Court heard arguments of counsel IN CHAMBERS, outside the record.)" The transcript next shows that on December 14, 1966, the trial court entered the following order:

"Now on this day defendant's amended motion for new trial is by the Court sustained 'because the verdict of the jury in favor of the plaintiff on plaintiff's petition and defendant's counterclaim is against the evidence' (paragraph 3 of defendant's motion for new trial) and because that part of the verdict pertaining to punitive damages is excessive by Fifteen Hundred ($1500.00) Dollars."

No other proceedings in the trial court or orders thereof appear in the record except the filing of notice of appeal by plaintiff on December 15, 1966.

Defendant has suggested by handwritten amendment to his brief that this appeal is out of time. Even without such suggestion, it would be the duty of this court to determine the timeliness of the appeal because we can have no appellate jurisdiction unless the notice of appeal was filed within the time prescribed by Civil Rule 82.-04 V.A.M.R.

It will be noted that both orders of the trial court pertaining to the motion for new trial were entered within the ninety

days during which the trial court can pass upon such motion. The order of November 4, 1966 overruled the motion for new trial on condition plaintiff file a remittitur within ten days. If such remittitur was not made within such time, the motion for new trial was sustained. Such an order has repeatedly been held to be complete in and of itself and requires nothing further. The effect of this order is to give the plaintiff an option. If he makes the remittitur within the time required, the motion for new trial is then overruled and the judgment becomes final as of that date. If the plaintiff fails to make remittitur, the motion for new trial is sustained on the date when plaintiff's time for election expires. Where the remittitur is made and consequently the motion for new trial is overruled and this occurs more than thirty days after the entry of the judgment, the judgment thereby becomes final and the trial court has no power to set aside or modify. See State ex rel. Templeton v. Seehorn, Mo.App., 208 S.W.2d 789, and Bank of Thayer v. Kuebler, 240 Mo. App. 776, 219 S.W.2d 297. When the plaintiff refuses to make remittitur as he did in the case at bar, the motion for new trial is sustained effective as of the date when plaintiff's right to elect expires. Such an order granting a new trial is an appealable order as is specifically provided in Section 512.020, R.S.Mo. 1959, V.A.M.S.

▮▮ The alternative order for remittitur is complete in and of itself even though an entry made by the court after the time for election by the plaintiff has expired to show whether or not the plaintiff did, in fact, remit, is a proper and desirable order. However, such order merely reflects what transpired and amounts to nothing more than a correction of the judgment originally entered. It is not a new judgment. See Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 238 S.W.2d 426, where the Supreme Court en Banc said:

"* * * Thus the entry after remittitur is a correction of the judgment originally entered and not actually a new

judgment. The appealable judgment is the original judgment (as corrected of course) but still the appeal is from the original judgment, that is from what remains of it. * * *"

Thus, in the normal course of events, the new trial would have been granted in the case at bar on November 14, 1966, which was the date on which plaintiff's right to remit, and thereby retain the balance of his judgment, expired. If nothing further transpired, he would be required to file his notice of appeal within ten days thereafter or on or before November 24, 1966. Since the notice of appeal was not filed until December 15, 1966, it was not timely and conferred no appellate jurisdiction on this court pursuant to Civil Rule 82.04, V.A.M.R., unless this result is changed by the request contained in the letter from plaintiff's attorney dated November 8, 1966 and the second order entered by the trial court on December 14, 1966. We must examine this second order.

▮ As has been heretofore pointed out, when the trial court overrules a motion for a new trial, the judgment then becomes final and if such action occurs more than thirty days after entry of judgment, the trial court cannot thereafter disturb such final judgment. However, the same result does not follow where the trial court sustains the motion for new trial. In such situation, there is no final judgment and, in fact, no judgment, at that point. The case remains on the docket of the trial court for further proceedings, pursuant to the order for new trial. Such a situation was considered by our Supreme Court in Stutte v. Brodtrick, Mo., 259 S.W.2d 820. After careful consideration, the court concluded that the trial court could amend its original order granting a new trial within the ninety days it had to act on such motion.

Thus, we see that where a motion for a new trial is granted as it was in this case, the trial court can amend its original order within ninety days from the filing thereof, pursuant to Stutte v. Brodtrick, supra, or, as

was pointed out in Steuernagel v. St. Louis Public Service Co., supra, the trial court can, after the period within which the plaintiff may elect to remit or not remit, enter its order completing the record and showing whether or not remittitur was filed. If the second order of the trial court in the case at bar entered on December 14, 1966 is considered as an amendment of its original order, such would relate back to the original order and the time for appeal would run from the date of the original order. Likewise, if the order of December 14, 1966 be considered as merely reflecting the situation after the plaintiff declined to remit, it merely constitutes a correction of the original order and is not a new appealable order in and of itself. This situation was specifically considered by the Supreme Court in Steuernagel v. St. Louis Public Service Co., supra, and they held that such an order related back to the time of the original order and that the time for appeal is computed from such original order.

■ The two orders made by the trial court in the case at bar are not inconsistent. The first order overruled the motion for new trial on condition of remittitur. If plaintiff chose not to remit, then this order granted a new trial and this is what actually transpired. It has repeatedly been held that such an order for remittitur is the equivalent of granting a new trial on the ground that the verdict is against the weight of the evidence. See Stutte v. Brodtrick, supra, and the many cases cited therein. The second order in the case at bar set out that the new trial was granted because the verdict was against the evidence. This order is the same in substance as the first order which granted a new trial if the plaintiff failed to remit. Both amount to the granting of a new trial because the verdict is against the weight of the evidence.

■ In such circumstances, the proceedings in the trial court had after the entry of the order of November 4, 1966, did not change the time for appeal. The notice of appeal was not filed within the time pro-

vided and, therefore, confers no appellate jurisdiction on this court. It therefore follows that the appeal must be and is hereby dismissed and the cause remanded for new trial pursuant to the order of the trial court.

All concur.