**STATE of Missouri at the relation of Marlin W. STEINMEYER, Relator,**

v.

**The Honorable H. Michael COBURN, Judge, Division Nine, Sixteenth Judicial Circuit of Missouri, Respondent.**

**No. WD 35141.**

Missouri Court of Appeals, Western District.

May 9, 1984.

James S. Formby, Kansas City, for relator.

P. John Brady, Charles E. Patterson, Thomas Wagstaff, Kansas City, for respondent.

Before NUGENT, P.J., and DIXON and BERREY, JJ.

NUGENT, Presiding Judge.

Relator Marlin Steinmeyer, a plaintiff in the underlying action brought an original proceeding in mandamus to compel the respondent judge to set aside his orders of May 20 and July 11, 1983. In those orders, respondent reversed his previous order of February 18, 1983, granting relator leave to appeal in forma pauperis, that is, "without prepayment of fees and costs or the costs of a stenographic transcript or preparation of the legal file or of printing the record." In this mandamus proceeding, relator also seeks to compel the respondent judge to order the official court reporter of his court to prepare a stenographic transcript for the appeal of the underlying case. We issued our alternative writ on September 19, 1983. The cause was argued and submitted and thereafter resubmitted on briefs to this division, one judge of the original division having recused himself. We now make our alternative writ peremptory.

In the underlying action, Marlin Steinmeyer and his former wife, Janet Steinmeyer, sued defendants for medical malpractice. The jury returned a verdict in favor of the defendants. The judgment was entered on November 10, and the Steinmeyers filed separate motions for new trial on November 16 and 17, 1982. On February 8, 1983, the court denied the Steinmeyers' motions for new trial.

Relator's counsel telephoned counsel for some of the defendants on February 17 and 18, 1983. He asked them if they wanted an oral hearing on relator's motion to file an appeal in forma pauperis. They answered that they did not. Then, on February 18, relator filed his motion supported by affi-davits, and the respondent signed the following order that day:

Plaintiff herein, having filed his motion for leave to appeal in forma pauperis without prepayment of fees and costs and the Court having duly considered the same and the affidavits of plaintiff and his attorney attached thereto and being duly advised in the premises,

It is Ordered that the motion of plaintiff be granted and that plaintiff may take and prosecute his appeal without prepayment of fees and costs or the costs of the stenographic transcript or preparation of the legal file or of printing the record.

Relator immediately filed his notice of appeal along with the above order waiving the filing fee. See Rule 81.04(c).[1]

On February 24, the defendants filed suggestions in opposition to plaintiff's motion for leave to appeal in forma pauperis. On February 28, defendants moved the court to reconsider its February 18 order. In their suggestions, defendants asserted that they were not given an opportunity to respond to plaintiff's motion before the court granted the motion. Defendants asserted that when Steinmeyer's lawyer called them and asked whether they desired an oral hearing on his motion, they said that they did not, considering the time it would take and believing that the issue could be adequately addressed in written suggestions.

On March 3, relator filed suggestions in opposition to defendants' motion to reconsider contesting the trial court's jurisdiction. Relator argued that the trial court had lost jurisdiction of the case when relator filed his notice of appeal. Relator's counsel, the respondent judge, and the court reporter exchanged various letters and telephone calls regarding the preparation of and payment for the transcript on appeal. The parties do not agree on the substance of the telephone calls.

On May 20, the respondent judge entered an order sustaining defendants' motion for

---

1. The Rules referred to are the Missouri Rules of Civil Procedure. The sectional references are to the Revised Statutes of Missouri, 1978, as last amended, unless otherwise indicated.

reconsideration of relator's motion to appeal in forma pauperis. In that order, the respondent reversed his February 18 order granting relator leave to appeal in forma pauperis and ordered relator to pay all costs, fees and charges to perfect his appeal within twenty days of May 20. In the May 20 order, the respondent stated that he could assume jurisdiction at that time because "the matter of whether to allow an appeal in forma pauperis . . . involves purely ministerial actions by the court and not judicial acts." Respondent also stated in the order that he had informed relator's counsel on February 18 that he could proceed in forma pauperis provided that defendants' counsel agreed and that someone on behalf of relator Marlin Steinmeyer advanced to the court reporter the full sum necessary to prepare the transcript. Respondent also stated that relator's counsel represented to the court that defendants' counsel had all agreed to allow appeal in forma pauperis and that relator's counsel would advance the money for the appeal.

Respondent issued a supplemental order on July 11, 1983. He attached to the order documents which he found to indicate that "the state of Missouri *will not* pay for transcripts on appeal in a civil case."

On August 11, 1983, relator Marlin Steinmeyer filed a petition for a writ of mandamus in this court. On August 25, defendants below filed suggestions in opposition to relator's petition for writ of mandamus. With respect to their February 17 and 18 conversation with relator's counsel about the February 18 in forma pauperis motion, defendants stated in their suggestions that rather than asking defendants' counsel whether they would agree to an appeal in forma pauperis, relator's counsel asked defendants' counsel whether they wanted an oral hearing on the plaintiff's motion. All defendants' counsel answered that they believed that the issue could be addressed adequately in written suggestions.

We issued our alternative writ on September 3 and on October 3 respondent filed his answer along with a motion to dismiss and suggestions in support thereof.

In his petition for a writ of mandamus, relator seeks an order compelling respondent to revoke his May 20 and July 11 orders. He argues that because a notice of appeal and the February 18 order waiving the docket fee had been filed, respondent was without jurisdiction to enter those judicial orders. Relator asserts that the orders were "judicial acts" as opposed to "ministerial acts." To enforce compliance with respondent's February 18 order, relator also seeks to compel the respondent to issue an order directing the official court reporter of Division 9 to prepare a stenographic transcript on appeal. Relator contends that he has a right based on the judge's February 18 order to prosecute his appeal in forma pauperis. He argues that statutes and case law vested the judge with authority to grant relator leave to file in forma pauperis if the judge found from the evidence that relator was a "poor person" within the meaning of Rule 77.03. Relator also asserts that § 485.100 provides for compensation by the state to the court reporter for preparing the transcript on appeal.

The first question is whether the respondent circuit judge had the authority on February 18 to grant relator's motion to file his civil appeal in forma pauperis and to allow relator to "take his appeal without prepayment of fees and costs or the costs of the stenographic transcript or preparation of the legal file or of printing the record." We hold that he did.

■ Rule 77.03 and § 514.040 and § 485.100 provide the bases for the court's authority to issue such an order. Rule 77.03 is as follows:

If the plaintiff is a poor person, the court may permit the plaintiff to commence and prosecute the civil action without making a cost deposit or furnishing security for costs.

Section 514.040 provides:

If any court shall, before or after the commencement of any suit pending before it, be satisfied that the plaintiff is a poor person, and unable to prosecute his

or her suit, and pay the costs and expenses thereof, such court may, in its discretion, permit him or her to commence and prosecute his or her action as a poor person, and thereupon such poor person shall have all necessary process and proceedings as in other cases, without fees, tax or charge; and the court may assign to such person counsel, who, as well as all other officers of the court, shall perform their duties in such suit without fee or reward; but if judgment is entered for the plaintiff, costs shall be recovered, which shall be collected for the use of the officers of the court.

Although a court is not required to allow a plaintiff in a civil action to appeal in forma pauperis, a court *may* in its sound discretion permit the plaintiff to appeal in forma pauperis upon its finding that such plaintiff is a poor person.[2] *See Standley v. Western Auto Supply Co.*, 319 S.W.2d 924, 926 (Mo.App.1959); *State ex rel. Miller v. Smith*, 120 S.W.2d 184, 185 (Mo.App.1938); Rule 77.03 and § 514.040. Thus, respondent in this case had well-established authority to allow the relator to appeal in forma pauperis.

In *State ex rel. La Rue v. Hitchcock*, 171 Mo.App. 109, 122, 153 S.W. 546, 552 (1913), the court held that "it was within the power, as well as the duty, of the … circuit court to order the stenographer of that court … to furnish" a transcript for appeal where the circuit court had previously entered an order allowing the plaintiff in the underlying action to sue as a poor person. The *Hitchcock* court made peremptory its writ of mandamus commanding the trial judge to order the court stenographer to furnish the relator (plaintiff below) a transcript for his appeal.

In its interpretation of § 2261 R.S.Mo. 1909 (now § 154.040), the *Hitchcock* court held that the court stenographer must furnish the transcript gratis because the court stenographer was an officer of the court.

Because of § 485.100, a court stenographer is no longer required to furnish the transcript free of charge so long as a judge orders the transcript pursuant to this statute and approves a voucher. § 485.100 provides that if a judge orders a transcript, the court reporter's fees *shall* be paid by the *state* (from and after July 1, 1979), upon a voucher approved by the court. § 485.100 in its entirety is as follows:

For all transcripts of testimony given or proceedings had in any circuit court, the court reporter shall receive the sum of seventy cents per twenty-five line page for the original of the transcript, and the sum of twenty cents per twenty-five line page for each carbon copy thereof; the page to be approximately eight and one-half inches by eleven inches in size, with left-hand margin of approximately one and one-half inches and the right-hand margin of approximately one-half inch; answer to follow question on same line when feasible; such page to be designated as a legal page. Any judge, in his discretion, may order a transcript of all or any part of the evidence or oral proceedings, and the court reporter's fees for making the same shall be paid by the county until June 30, 1979, upon a voucher approved by the court, and taxed against the state or county as may be proper. In criminal cases where an appeal is taken by the defendant, and it appears to the satisfaction of the court that the defendant is unable to pay the costs of the transcript for the purpose of perfecting the appeal, the court shall order the same to be furnished, and the court reporter's fees for making the same shall be paid by the county until June 30, 1979, upon a voucher approved by the court, and taxed against the state or county as may be proper; and in such case the court reporter shall furnish three transcripts in duplication of the

---

**2.** In its supplemental order of July 11, 1983, the trial court took note of and relied upon the position of the Office of Administration of the State of Missouri that its Division of Accounting "does not have an appropriation to pay for costs of transcripts." The availability of appropriated funds is not relevant to the issue of appellant's eligibility to prosecute his appeal as a poor person.

notes of the evidence, for the original of which he shall receive seventy cents per legal page for the copies twenty cents per page. From and after July 1, 1979, the payment of court reporter's fees provided in this section to be paid by the county before that date shall be made by the state upon similar voucher approval.

■ Prior to 1955, under § 485.100, a judge could order a transcript of part of the evidence or oral proceedings only "for his own use" and the court reporter's fees for making the same were to "be taxed in the same manner as other costs in the case." In 1955, § 485.100 was amended. *See* Laws of Mo.1955, p. 502. The "for his own use" restriction was deleted, thus allowing a judge to order a transcript for other purposes. The reporter's fees for the same were no longer to be taxed in the same manner as other costs in the case but were to "be paid by the county, upon a voucher approved by the court, and taxed against the state or county as may be proper." Laws of Mo.1955, p. 502. A significant amendment made in 1978 concerns the payment of the court reporter's fees. The 1978 amended statute, effective January 2, 1979, provides that the court reporter's fees for making a transcript ordered pursuant to § 485.100, are to be paid by the county until June 30, 1979, and are to be paid by the *state* after July 1, 1979, upon a voucher approved by the court. *See* Laws of Mo.1978, p. 918.

Having determined that the trial court had authority to order the plaintiff be furnished a transcript at state expense, we next turn to the question of the court's jurisdiction to act on plaintiff's motion on February 18. Both relator and respondent have assumed that respondent had jurisdiction to issue his February 18 order. Judgment was entered in this case on November 10, 1982. Relator and his former wife, plaintiffs below, filed their motions for new trial on the 6th and 7th days after entry of judgment. The court overruled those motions on February 8, 1983. Relator filed his motion to appeal in forma pauperis on February 18, and on that day also filed his notice of appeal immediately after the judge ruled on his motion in forma pauperis.

■ Missouri courts have long adhered to the rule that the trial court loses jurisdiction over a case once it rules on a motion for new trial. *State ex rel. Berbiglia, Inc. v. Randall,* 423 S.W.2d 765, 769 (Mo.1968) (en banc); *Godsy v. Godsy,* 521 S.W.2d 449 (Mo.App.1975); *Hynes v. Risch,* 243 S.W.2d 116 (Mo.App.1951); *Krummel v. Hintz,* 222 S.W.2d 574 (Mo.App.1949); *Bank of Thayer v. Kuebler,* 240 Mo.App. 776, 219 S.W.2d 297 (1949). Under that rule, the trial court would not have had jurisdiction to rule on relator's motion to appeal in forma pauperis filed after the trial court had denied his motion for new trial on February 8, 1983.

■ The parties completely ignore that rule and the issue whether the trial court had jurisdiction on February 18 to enter its order granting plaintiff leave to appeal in forma pauperis. Instead, they focus on the rule that a trial court loses jurisdiction over a case for most purposes after an effective notice of appeal has been filed. Accordingly, they debate the issue whether the trial court had jurisdiction to enter its later orders of May 20 and July 11 in which the trial court reversed its February 18 order. In their debate of the latter issue, the parties cite to one of the well-recognized exceptions to the general rule that a trial court loses jurisdiction of a case once effective notice of appeal is filed. That exception is essentially as follows: a trial court is not divested of its authority to exercise functions of a purely ministerial or executive nature even after an effective notice of appeal has been filed. From this exception follows the rule that a court may enter a *nunc pro tunc* order after an appeal has been perfected. *See Warren v. Drake,* 570 S.W.2d 803, 806 (Mo.App.1978); *Brock v. Steward,* 519 S.W.2d 365, 367 (Mo.App.1975).

■ That is not the only exception to the rule. For example, a trial court is not divested of its jurisdiction in the situation

where a statute or rule of procedure allows a court to entertain a particular type of motion or application. For instance: Rule 74.32 provides that on motion a judgment may be set aside at any time within three years for irregularity. *Godsy v. Godsy,* 565 S.W.2d 726, 732 (Mo.App.), *cert. denied,* 439 U.S. 960, 99 S.Ct. 445, 58 L.Ed.2d 419 (1978). Rule 81.09 has been construed to permit entry of an order fixing the amount of a supersedeas bond after a notice of appeal had been filed. *State ex rel. Brickner v. Saitz,* 664 S.W.2d 209, 212 (Mo.1984) (en banc). A plaintiff may also sue out a writ of *scire facias* to revive a judgment within ten years, § 511.370, and even in an action pending on appeal the trial court has continuing jurisdiction over that collateral matter for the preservation of the fruits of the ultimate judgment or the status in quo of the parties. *Wormington v. City of Monett,* 358 Mo. 1044, 218 S.W.2d 586, 589–90 (1949).

■ While these exceptions have traditionally been invoked to avoid the trial court's loss of jurisdiction upon the filing of a notice of appeal, they should apply with equal force where the trial court loses jurisdiction upon its ruling on a motion for new trial.

■ In this case, the trial court lost jurisdiction on February 8, when it ruled on relator's motion for a new trial. *See State ex rel. Berbiglia, Inc. v. Randall, supra; Godsy v. Godsy, supra; Hynes v. Risch, supra; Krummel v. Hintz, supra;* and *Bank of Thayer v. Kuebler, supra.* The court's later determination on February 18 that relator should be allowed to appeal in forma pauperis was undoubtedly a function of a judicial character, not ministerial, and certainly not an order *nunc pro tunc.* "Ministerial" has often been distinguished from "judicial" on the grounds that a judicial act involves the exercise of judgment and discretion whereas ministerial functions invoke no such discretion. A decision to allow an appeal in forma pauperis or not clearly involves the exercise of discretion and is, therefore, a judicial act. More significantly, § 514.040 explicitly bestows dis-

cretionary authority upon the trial court, providing that if "any court ... be satisfied that the plaintiff is a poor person ... such court may, in its *discretion,* permit him or her to commence and prosecute his or her action as a poor person ...." (Emphasis added.) Likewise, § 485.100, providing for the payment of a court reporter's fees for a transcript, also states that "[a]ny judge, in his *discretion,* may order a transcript ...." (Emphasis added.)

■ We conclude, nevertheless, that, as in *Wormington v. City of Monett, supra,* the trial court here had continuing jurisdiction to entertain plaintiff's motion for leave to appeal in forma pauperis with a transcript at state expense. That motion and the court's ruling on it, although they could arise only in the context of the underlying action, were matters collateral to that action, quite separate from it and in no way affecting the final judgment of the trial court.

Our conclusion is reinforced by the legislature's adoption of § 485.100 and § 514.040. The legislature in those enactments must have contemplated a need for action by the trial court *after* a judgment becomes final and appeal becomes a necessity because only upon finality does the need for leave to appeal as a poor person arise. Accordingly, we hold that, not only did the trial court have jurisdiction to grant plaintiff's motion as a collateral matter over which it had continuing jurisdiction, the trial court's action after the judgment became final was authorized by §§ 485.100 and 514.040.

■ Finally, the question remains whether the court erred in sustaining plaintiff's motion without giving defendants a full opportunity to be heard in accordance with Rule 78.05.

Assuming that the trial court had continuing jurisdiction to entertain plaintiff's motion as we have held, ample time existed to consider the defendants' opposition and to hold any hearing needed to determine the existence of the factual basis for plaintiff's motion, that is, plaintiff's indigency.

His indigency and inability to finance his appeal were in fact disputed by defendants in their suggestions in opposition to plaintiff's motions and in their motion to reconsider.

Viewing plaintiff's motion for leave to appeal in forma pauperis as a separate action but a continuation of the original action, as it was, defendants were entitled to the benefit of Rule 78.05 dealing with after-trial motions. That rule provides as follows:

When any after-trial motion, including a motion for new trial, is based on facts not appearing of record, affidavits may be filed which affidavits shall be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits. Depositions and oral testimony may be presented in connection with after-trial motions.

On February 18 the trial court ruled on plaintiff's motion without giving defendants a chance to file opposing affidavits contesting plaintiff's eligibility to be allowed to appeal as a poor person or otherwise to take advantage of Rule 78.05. In that the court was in error. The court also acted in error in later taking up defendants' motions without providing plaintiff a chance to be heard on the issues raised by those motions as well as the issue of plaintiff's counsel's representations to the trial court on February 18 concerning an advance to be made by plaintiff's counsel for the transcript.[3]

For the foregoing reasons, we now issue our peremptory writ, directing the court to set aside its order of May 20, 1983, and its supplemental order of July 11, 1983, and further directing that the court set aside its order of February 18, 1983, granting plaintiff leave to appeal in forma pauperis, with-

out prejudice to the trial court's reopening proceedings on the plaintiff's motion to proceed in forma pauperis in conformance with the provisions of Rule 78.05.

DIXON and BERREY, JJ., concur.

---

3. Many other irrelevant issues resulted in the disputed findings of the May 20th order. In light of this dispute and the acrimonious ex-

changes of counsel, the trial judge may, in his discretion, recuse himself.