**STATE of Missouri, Appellant,**

v.

**Robert FOLSON, Respondent.**

**No. WD 52636.**

Missouri Court of Appeals,
Western District.

March 18, 1997.

Dwight Scroggins, Jr., Pros. Atty., Buchanan County, St. Joseph, for appellant.

Timothy J. Ernst, Asst. Public Defender, St. Joseph, for respondent.

SPINDEN, Judge.

After the circuit court granted Robert Folson's motion for a new trial on charges of attempting to commit second degree burglary, the state appealed. While that appeal was pending, the circuit court scheduled a new trial. When the state refused to go forward, the circuit court · dismissed the state's charges against Folson with prejudice for lack of prosecution and for failure to provide Folson with a speedy trial. The state appeals, and we reverse and remand.

A jury convicted Folson on September 18, 1995. Folson filed a motion for judgment of acquittal or, in the alternative, a motion for new trial. On December 5, 1995, the circuit court granted Folson's motion for a new trial. In its order, the circuit court also required the parties to appear on December 15, 1995, for a trial setting; however, on December 14, the state filed notice that it was appealing the circuit court's granting Folson's motion for new trial. Later that same day, the state requested the circuit court to stay its proceedings pending the appeal.

The circuit court denied the state's request to stay proceedings and set the case for trial on March 18, 1996. On December 16, 1995, the state filed a motion to reconsider the request for stay. The circuit court held a hearing on the motion on December 27, 1995. The state reminded the court of its notice of appeal filed with this court, but the court indicated to the parties that it intended to set the case for trial to keep the case moving. The circuit court said, "If there is a pending appeal at the time of trial, I will not, of course, try the case." The circuit court reset the case for a jury trial to begin on April 12, 1996.

On April 12, 1996, the parties appeared before the circuit court, and the state told the court that its appeal was still pending. The court told the parties that it knew that the appeal was still pending but said, "There's no writ or stay against the court proceeding, and the mere filing of an appeal does not stay the judgment of the court."

The state declined to proceed with the trial, so the circuit court dismissed its information with prejudice for want of prosecution and for failure to provide Folson with a speedy trial.

The state contends on appeal that the circuit court did not have jurisdiction to enter its order dismissing the case on April 12, 1996. It asserts that its appeal divested the circuit court of jurisdiction and lodged jurisdiction with this court. We agree.

When a party files notice of appeal with this court, the circuit court loses jurisdiction of the case for most purposes. It certainly loses jurisdiction to exercise any judicial functions although it retains authority to exercise purely ministerial or executive functions. *State v. Bibb*, 922 S.W.2d 798, 803 (Mo.App.1996). A judicial act involves the exercise of judgment and discretion as opposed to a ministerial act which involves no such discretion. *State ex rel. Steinmeyer v. Coburn*, 671 S.W.2d 366, 372 (Mo.App.1984).

Dismissal of the state's information for failure to prosecute was a judicial function, and the circuit court acted without jurisdiction in dismissing the case after the state filed its notice of appeal. When the circuit court has no jurisdiction to act, its proceedings are void. *State v. Armstrong*, 605 S.W.2d 526, 529 (Mo.App.1980).

Folson argues that the state's interlocutory appeal of the circuit court's granting his motion for new trial should be treated differently than the typical appeal filed at the conclusion of a trial. He asserts that because his right to a speedy trial is stronger than the state's right to an interlocutory appeal, the filing of an interlocutory appeal should not divest the circuit court of jurisdiction unless the state takes affirmative actions to stay the proceedings at the trial level. We do not find such distinctions in the case law.

In the meantime, this court has issued its decision in the state's appeal of the circuit court's order granting Folson a new trial. *State v. Folson*, 942 S.W.2d 393 (Mo.App. 1997). We affirmed the circuit court's granting the motion for new trial; hence, we reverse the circuit court's dismissal of the case with prejudice. We remand to the circuit court to set aside its order of dismissal and to proceed with the new trial.

SMART, P.J., and ELLIS, J., concur.