MARY CAMDEN, AN INFANT, BY UNA M. CAMDEN, HER NEXT FRIEND, PLAINTIFF-RESPONDENT, v. ST. LOUIS PUBLIC SERVICE COMPANY, A CORPORATION, AND ISADORE BECKER AND SARAH BECKER, DOING BUSINESS AS NIFTY CLEANERS & LAUNDRY COMPANY, DEFENDANTS, ST. LOUIS PUBLIC SERVICE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.—206 S. W. (2d) 699.

St. Louis Court of Appeals. Opinion filed December 16, 1947.

1200

*Charles F. Hamilton* for appellant.

*Everett Hullverson* and *Forrest Boecker* for respondent.

McCULLEN, P. J.—This suit was brought by plaintiff against St. Louis Public Service Company, a corporation, hereinafter called Service Company, and Isadore Becker and Sarah Becker, as defendants. Plaintiff's petition alleged that on January 30, 1946, she was a

passenger in an automobile truck owned and operated by defendants Isadore Becker and Sarah Becker, and that said truck and a Jefferson Avenue streetcar, owned and operated by defendant Service Company, through its agents and servants, came into collision at Jefferson and Olive Streets, thereby causing plaintiff to suffer personal injuries for which she prayed $5000 damages. Plaintiff's petition alleged that her injuries were the direct result of the negligence and carelessness of all the defendants.

A trial before the court and a jury resulted in a verdict in favor of plaintiff and against all defendants in the sum of $2500. The defendants Becker filed a motion for a new trial, which was sustained by the court on the ground that the jury was improperly instructed in Instruction No. 2, which was offered by and given on behalf of plaintiff. Said instruction was directed solely to the question of the liability of the defendants Becker. The defendant Service Company did not file any motion for a new trial. Plaintiff then filed a motion dismissing as to the defendants Becker and praying for final judgment against the defendant Service Company. Said Service Company then filed a motion praying that the court enter its order holding in abeyance the verdict and judgment against said company until a retrial of the cause determined the liability of defendants Becker, or, in the alternative, if the court sustained said motion of plaintiff, then to allow defendant Service Company a reasonable time in which to file a third-party petition against the defendants Becker.

The above mentioned motion of plaintiff was sustained and the court ordered the cause dismissed as to the Beckers, and also ordered final judgment against the defendant Service Company. At the same time, defendant Service Company's said motion in the alternative was overruled. Defendant Service Company appealed from the court's orders.

The defendant Service Company contends that the court erred in allowing plaintiff to dismiss as to the defendants Becker and in ordering final judgment against said company. Also, that the court erred in failing to order the verdict and judgment against said company held in abeyance until the determination of the liability of defendants Becker. It is strongly urged by said Service Company that the court, having allowed plaintiff to dismiss as to defendants Becker, committed error in not holding the verdict and judgment against the Service Company in abeyance so as to give it an opportunity to move for leave as a third-party plaintiff to file a petition and serve a summons upon the defendants Becker.

. The reason advanced for said Service Company's contention is that a plaintiff will not be allowed to foreclose the right of a defendant to bring in a third-party defendant by dismissing as to such party after trial. In support of these contentions the defendant Service Com-

pany relies upon Section 20 of the Civil Code of Missouri. Said section is as follows:

"(a) Before filing his answer, a defendant may move *ex parte* or, after the filing of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to file a petition and serve a summons upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the petition is filed and summons served, the person so served, hereinafter called the third-party defendant, shall make his defenses, counter-claims and cross-claims against the plaintiff, or any other party as provided in this code. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had be been joined originally as a defendant. A third-party defendant may proceed under this section against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant.

"(b) When a counterclaim is asserted against a plaintiff, he may cause a third-party to be brought in under circumstances which under this section would entitle a defendant to do so."

Defendant Service Company argues that before the passage of the new Civil Code of Missouri, of which Section 20, *supra*, is a part, a plaintiff in a negligence action had the right to proceed against any one of two or more joint tort-feasors, and that the choice of defendants lay solely with the plaintiff. Said defendant cites Carr's Missouri Civil Procedure, Volume I, page 205, to the effect that prior to the new Civil Code of Missouri, Laws Missouri, 1943, pp. 353-397, Mo. R. S. A. Sections 847.1-847.145, if a plaintiff sued several joint tort-feasors and a joint judgment was obtained, a joint judgment debtor who paid the judgment was entitled to contribution from the other judgment debtors, and that no contribution was authorized if separate judgments were obtained.

To emphasize the difference between the procedure under the new Civil Code of Missouri, *supra*, and that under the prior law, defendant Service Company quotes further from Carr's Missouri Civil Procedure, Vol. I, p. 205, as follows:

"The new code qualifies the right of the party injured to select the joint tort-feasors against whom he desires to obtain judgment. He can still sue one or more of them as he desires, but under the code the joint tort-feasor sued may by third-party petition, with leave of the trial court, cause the joinder of additional or all joint tort-feasors as

parties in the one action. If joint liability is supported by the evidence, based upon the issues made by plaintiff's petition, the third-party petition and the other pleadings, and a joint judgment is obtained, the joint judgment defendant making payment is entitled to contribution from the other judgment debtors.''

Defendant Service Company then argues that, in the case at bar, if plaintiff had brought suit against the Service Company only, said Company would have brought the defendants Becker into the case under a third-party petition, and in such an event—so the Service Company contends—there could be no question but that plaintiff counld not have dismissed as to the defendants Becker at any time because, so said defendant's argument goes, the Service Company as third-party plaintiff, and the defendants Becker as third-party defendants, would have been adverse parties. In support of this view the Service Company cites Carr's Missouri Civil Procedure, Vol. I, page 204, wherein it is stated:

"In a third-party action the original defendant (third-party plaintiff) and the third-party defendant are adverse parties, and with respect to third-party claims based on liability to the original plaintiff, the original plaintiff, the original defendant and the third-party defendant are each and all adverse parties.''

The above quotations from Carr's Missouri Civil Procedure unquestionably state the effect of Section 20 of our new Civil Code, *supra*, but they avail defendant Service Company nothing on the record before us because no third-party petition was filed in this cause. It is therefore useless to discuss what would have happened "if" plaintiff had brought her suit against the Service Company only. The complete answer to such argument is that she did not bring her suit against said company only.

Defendant Service Company points out that plaintiff originally joined the Beckers as parties defendant, and thus the Service Company was not required and did not have an opportunity to bring the Beckers into the case and make them third-party defendants, and, as such, adverse parties. That statement of said defendant is quite true, but again we must say it avails defendant nothing in this case, because plaintiff was clearly within her rights in joining the Beckers as defendants in the action, under Section 16(a) or our new Civil Code, Laws Mo. 1943, page 360, Mo. R. S. A., Sec. 847.16(a). Said section provides:

" . . . All persons may be joined in one action as defendants if there is asserted against them, jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences, and if any question of law or fact common to all of them will arise in the action.''

It will be noted that the entire argument of the defendant Service Company is based upon suppositious procedure, namely, that "if

plaintiff had brought suit against the Service Company only," etc., etc. The trouble with such argument is that it is not directed against the procedure shown in this record, nor does it afford any basis for holding that the procedure which plaintiff did follow was unauthorized or improper. On the contrary, a consideration of said new Civil Code shows that the procedural steps taken by plaintiff, and the court's action thereon, were and are fully authorized by the applicable sections of said Code, whereas the line of action that was requested of the trial court and is now urged upon this court by said defendant is not authorized.

It is earnestly urged by defendant Service Company that to allow plaintiff to dismiss as to the defendants Becker is contrary to the spirit of the new Civil Code of Missouri. Said defendant then quotes from Tullgren v. Jasper, 27 F. Supp. 413, as quoted in Carr's Missouri Civil Procedure, Vol. I, page 201, as follows:

"The object of the third party practice rule is to accomplish ultimate justice for all concerned with economy in litigation and without prejudice to the rights of another."

The above quoted general statement of the object of the new third-party practice is unquestionably correct, but that does not authorize the ignoring of those sections' of the new Civil Code which unequivocally require certain specific steps to be taken by parties within periods of time definitely stated if they wish to preserve their rights.

We shall refer later to specific sections of the new Civil Code which prevent us from agreeing with defendant Service Company's view of the procedure involved herein.

The whole burden of defendant Service Company's complaint is that it has been maneuvered into a position whereby it has been improperly deprived of its right to have its claim against the Beckers as joint judgment debtors for contribution of their just portion of the damages adjudicated, and that such proceedings are contrary to the spirit of the new Civil Code, particularly Section 20, *supra*. We are unable to agree with said defendant's view.

It is the duty of the courts to apply the law as written by the Legislature, and where the legislative language is clear and unembiguous the courts have no authority to do other than to obey the legislative command. This proposition is so obvious and well settled that no authorities need be cited to support it.

The situation in which defendant Service Company is placed is simply the result of its own failure to avail itself of remedies which were clearly open to it, and choosing, instead, a different course. For example, said defendant could have prevented the judgment against it from becoming final by filing a motion for a new trial not later than ten days after the verdict, as provided by Section 116 of the new Civil Code, Laws Mo. 1943, p. 388, Mo. R. S. A., Sec. 847.116. The defendant Beckers did avail themselves of that right and filed such

a motion, and there was nothing whatsoever to prevent defendant Service Company from doing likewise and thus preventing the judgment against it from becoming final at the time it did. However, said defendant deliberately chose not to avail itself of that right. It is immaterial what its reasons for such choice were, it cannot justly complain now of the result flowing from its own voluntary choice of procedure.

The appellate courts of this state have not heretofore had an opportunity to determine the effect of Section 20 of the new Civil Code, *supra,* upon the procedure in this state in cases of the kind now before us. For that reason we have set forth at considerable length the contentions of the defendant Service Company. However, we must not confine our attention to Section 20 of the new Civil Code, *supra.* On the contrary, this being a problem of first impression under the new Civil Code, we must take into consideration such other sections thereof as may have a bearing on the questions involved herein.

Section 116 of said Civil Code of Missouri, Laws Mo. 1943, p. 388, Mo. R. S. A., Sec. 847.116, provides as follows: "A motion for a new trial shall be filed not later than 10 days after the entry of the judgment. The judgment shall be entered as of the day of the verdict. If a timely motion if filed the judgment is not final until disposition of the motion."

Section 6(b) of the new Civil Code of Missouri, Laws Mo. 1943, p. 358, Mo. R. S. A., Sec. 847.6(b), among other things, provides that the court "may not enlarge the period for filing a motion for or granting a new trial, or for commencing an action or taking an appeal as provided by this code."

It is conceded that defendant Service Company did not file any motion for a new trial in this case. Hence, under the new Civil Code, Laws of Missouri, 1943, Section 119, p. 389, Mo. R. S. A., Sec. 847.119, the judgment against said defendant became final at the expiration of 30 days after the entry of such judgment, which judgment, under Section 116 of the Civil Code of Missouri, *supra,* was required to be considered "rendered" as of the day of the verdict. Liefring v. Birt, Mo. Sup., 204 S. W. (2d) 935. It therefore is shown by the record that, in accordance with the two provisions of the Code last above mentioned, the judgment against defendant Service Company became final and the court could not properly refuse to enter it as such. This becomes all the more clear when we consider Missouri Supreme Court Rule 3.24, which provides, among other things, that "a judgment becomes final at the expiration of thirty days after the entry of such judgment, *except when a timely motion for new trial is filed.*" (Emphasis ours.) As we have heretofore shown, no motion for new trial was filed in this cause by defendant Service Company and the judgment against it became final, and the trial court was thereby prevented from entertaining any further proceedings to set it aside or hold it in abeyance.

We know of no lawful method which would authorize the trial court to "hold in abeyance" the judgment which had become final. The judgment became final because of the failure of defendant Service Company to take steps to prevent it from becoming final. The provisions of the new Civil Code to which we have referred, *supra,* are positive, clear and unequivocal in their requirements, and we find nothing in Section 20, *supra,* relied on by defendant Service Company, to warrant a setting aside and ignoring of the requirements of the other sections of the new Civil Code above mentioned.

A brief examination of Section 20 of the new Civil Code, *supra,* shows that it contains no provisions applicable to the situation shown by the facts of record in this case. Hence, there is no authority for following the procedure which the defendant Service Company urged upon the trial court and insists upon in this court. We fully agree with the view of Section 20, *supra,* expressed in Carr's Missouri Civil Procedure, Vol. I, p. 197, quoted by defendant Service Company, as follows:

"It is to be noted that section 20 authorizes two general classes of third-party actions: (1) actions where the third-party defendant is or may be liable *to the defendant* (third-party plaintiff) for all or a part of the claim of the plaintiff against the defendant; and (2) actions where the third-party defendant is or may be liable *to the plaintiff* for all or a part of the claim of the plaintiff against the defendant. In both classes the third-party claim must be broadly related to (arise out of the same transaction, accurrence, or series of transactions or occurrences as) the original claim presented against the defendant. Third-party actions for contribution . . . fall within the first class above mentioned."

Going to the statute itself, Section 20, *supra,* we find that it provides:

"(a) Before filing his answer, a defendant may move *ex parte* or, after the filing of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to file a petition and serve a summons *upon a person not a party to the action* who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him." (Emphasis ours.)

It will be observed that the right of a defendant to file a petition as a "third-party plaintiff," under Section 20 of the Civil Code, *supra,* is to be exercised against "a person not a party to the action." In the case at bar the defendants Becker did not fall within the designation of "a person not a party to the action," but on the contrary were parties to the action, having been made defendants along with the Service Company at the very institution of the action. The defendants Becker, of course, remained "parties to the action" until the cause as to them was dismissed, but by that time, namely, January 28, 1947, the judgment against the defendant Service Company had been permitted by that defendant to become final against it—more than thirty

days having elapsed since October 23, 1946, the date the verdict and judgment were rendered, without a motion for new trial being filed—thereby bringing into operation the statute, Section 119, *supra,* and Supreme Court Rule 3.24, *supra,* making said judgment against the Service Company final. It was then beyond the trial court's power to interfere with such final judgment and, the plaintiff having dismissed as to the defendants Becker, there was nothing left to be retried, which means that there could be no third-party procedure or any further procedure of any kind open to the defendant Service Company except to file a notice of appeal under Section 129 of the new Civil Code, Laws Mo. 1943, Sec. 129, p. 390, Mo. R. S. A., Sec. 847.129, not later than ten days after the court's action on January 28, 1947, overruling said defendant's motion and formally entering final judgment against it.

Defendant Service Company, in its reply brief, calls attention to the case of Cox v. Frank L. Schaab Stove & Furniture Company, 332 Mo. 492, 58 S. W. (2d) 700, in which it was held that a judgment to be final must dispose of all the parties and issues in the suit. There can be no doubt that said case does hold, as said defendant states, but the facts of record showing the status of the proceedings and situation of the parties in the Cox case, *supra,* which called forth the Supreme Court's decision in that case, were so different from the facts shown of record and proceedings in the case at bar that said Cox case is not applicable to this case. In the case at bar defendant already "had its day in court," and there was a judgment of record against it which said defendant had permitted to become final, and when the court sustained plaintiff's motion to enter said final judgment at a time when the cause was dismissed as to the defendants Becker, there were no further issues or parties to be disposed of. Hence there was no ground, reason or authority for "holding in abeyance" the final judgment against the Service Company, as there was in the Cox case, *supra.*

There was another remedy open to defendant Service Company of which it did not avail itself. It had a right to file a cross-claim under Section 77 of the new Civil Code, Laws Mo. 1943, p. 377, Sec. 77, Mo. R. S. A., Sec. 847.77, which provides as follows:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

Section 77, *supra,* is exactly the same as Rule 13(g) of the Federal Rules of Civil Procedure.

An example of the construction and application of the above mentioned rule will be found in Bohn v. American Export Lines, Inc.,

42 F. Supp. 228, which was a case that arose under the Federal Rules of Civil Procedure. In that case Henry Bohn, the plaintiff, brought his action for personal injuries against American Export Lines and the Wyle Lighterage Corporation. In his petition plaintiff alleged that while he was engaged in the performance of his duties as an employee of American Export Lines he was struck by bags of coal which were being hoisted by the Wyle Lighterage Corporation. American Export Lines filed a cross-claim against the Wyle Lighterage Corporation in which it alleged that the Wyle Lighterage Corporation was primarily liable for the injuries sustained, setting forth allegations of facts as grounds for such contention. The Wyle Lighterage Corporation filed a motion to have the cross-claim stricken. This motion was denied by the Court. In reaching its conclusion, the Court said:

"Although at common law, . . . the liability sued upon had first to become fixed by a judgment, I think under Rule 13(g), Federal Rules of Civil Procedure, . . . that element is no longer requisite, for it is plain that a cross-claim permitted thereunder may 'include a claim that the party against whom it is asserted is or may be liable to the cross-claimant.' " Bohn v. American Export Lines, Inc., 42 F. Supp. 228, l. c. 229, 230.

The above Federal case demonstrates that the defendant Service Company in the case at bar had a remedy against the Beckers, but decided for reasons of its own not to pursue such remedy.

We come now to the Service Company's complaint against the dismissal of the cause as to the defendants Becker. We are unable to agree with defendant Service Company's contention that plaintiff had no right to dismiss as to the Beckers. Our new Civil Code, in Section 99(a), Laws Mo. 1943, p. 384, Mo. R. S. A., Sec. 847.99(a) provides:

"A plaintiff shall be allowed to dismiss his action without prejudice at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward. A plaintiff who has once so dismissed his action and thereafter files another action upon the same claim shall not be allowed to dismiss the same without prejudice after the jury has been empanelled, or after evidence has been introduced in a non-jury case, except (1) upon filing a stipulation to that effect signed by the opposite party or (2) on order of the court made on special motion in which the ground for said dismissal shall be set forth and which shall be supported by affidavit."

The right of plaintiff to dismiss as to the Beckers under the above section becomes obvious by a brief review of the status of the proceedings herein at the time plaintiff's motion to dismiss was filed. The trial court had set aside the verdict and judgment as to the defendants Becker and had granted them a new trial. The cause was then pending awaiting such new trial. The cause had not only not been submitted to the jury, but the trial had not even been commenced.

1210

Therefore, Section 99(a), *supra*, which gives a plaintiff the right to dismiss at any time before finally submitting the case to the jury, made it possible and proper for plaintiff herein to dismiss the cause as to the Beckers at any time before finally submitting it to the jury.

Section 99(a) of the new Civil Code, which we have set forth in full, *supra*, contains, in the first part thereof, down to the first period, the same language that made up the whole of former Section 1111, Revised Statutes Missouri, 1939, Mo. R. S. A., Sec. 1111, so that the construction of such language by our courts under the former section number is applicable to the new Section 99(a), *supra*, since there has been no change in the language of said first part thereof.

In Argeropoulos v. Kansas City Rys. Co., 201 Mo. App. 287, 212 S. W. 369, a case involving said Section 1111, *supra*, it was held that where the judgment had been reversed and the cause remanded for new trial the plaintiff was entitled to dismiss as to one of the defendants.

In the case at bar we find no error in the procedure followed by the trial court and its orders should be affirmed. It is so ordered. *Anderson* and *Hughes, J. J.*, concur.