The STATE of Missouri, at the Relation and to the Use of HICKORY COUNTY, Missouri, et al., Plaintiffs-Respondents,

v.

Alva L. DAVIS, M. A. Holt, C. B. Hart, Lester Turner, Paul Palmer, W. A. Samples, A. A. Mitchell, J. E. Briggs, D. O., Buel Pippins, Noble Downs and W. H. Sutt, Defendants-Appellants.

No. 22483.

Kansas City Court of Appeals.

Missouri.

June 25, 1956.

George H. Miller, Sedalia, F. M. Brady, Warsaw, C. P. Junge, Cole Camp, for appellants.

Poague, Poague & Brock, Haysler A. Pogue, Barkley M. Brock, Clinton, Ralph Nevins, Hermitage, for respondents.

CAVE, Judge.

This is a suit on the official bond of Alva L. Davis, ex-county treasurer of Hickory County, Missouri.

The petition alleges that the suit is brought in the name of the state "at the relation and to the use of the County of Hickory * * *"; and to the use and relation of certain school districts of that county; that Davis was, on certain dates, treasurer of Hickory County, and as such had given an official bond to said county for the faithful performance of the duties of his office, and to disburse all moneys coming into his hands as county treasurer, according to law; and that Davis had breached said bond by failing to account for all moneys received by him as county treasurer.

The cause was tried to a jury resulting in a verdict for the defendants, but on motion, the court set aside the verdict and entered a judgment "in favor of the plaintiff and against the defendants in the sum of $6631.64." The defendants appealed.

■ The question of our jurisdiction is not raised by the parties, but it is our duty to do so.

■ The suit is on a county official's bond and is properly brought "in the name of the state"; and at the relation and to the use of the County of Hickory; and certain school districts. Sections 522.020, 522.080, RSMo 1949, V.A.M.S. Thus, Hickory County is a proper party of record and a party in interest. Under such circumstances, exclusive jurisdiction of the cause is in the supreme court. Section 3, Art. V, 1945 Constitution, V.A.M.S. State

ex rel. Ozark County v. Tate, 109 Mo. 265, 18 S.W. 1088; Fort Osage Drainage Dist. of Jackson County v. Jackson County, Mo., 275 S.W.2d 326; and Howell County to Use of School Fund v. Cook, Mo.App., 48 S.W. 2d 88.

This exact question of jurisdiction was decided in State ex rel. Ozark County v. Tate, supra. The court construed what was then Section 882, and is now Section 522.-080, supra. This section reads: "Every suit brought upon such official bond, to the use of the party aggrieved, and every judgment thereon, shall be deemed the private suit and judgment of the relator, in the same manner, in every respect, as if he were the nominal plaintiff, and such relator shall be liable for costs, as other plaintiffs."

In applying the statute, the court said, 109 Mo. 266, 18 S.W. 1088: "The relator, for whose use and benefit this action runs, is Ozark county. The cause is based upon the official bond of an ex-collector, and alleged breaches thereof. * * * The county is the real party in interest as plaintiff, and that fact brings the present appeal within the revisory jurisdiction of this court." Citing Constitution 1875, Art. 6, § 12, which is substantially the same as Section 3, Article V, of our present constitution.

In the instant case, Hickory County is a party of record and of interest; consequently, jurisdiction of the appeal is in the supreme court and the cause should be transferred to that court. It is so ordered.

All concur.