TANEY COUNTY, Missouri, Plaintiff-
Appellant,

v.

Fred ADDINGTON and Norene Addington,
Defendants-Respondents.

No. 7546.

Springfield Court of Appeals.

Missouri.

Dec. 1, 1956.

Robert L. Gideon, Douglas Mahnkey, Forsyth, for plaintiff-appellant.

Rogers & Rogers, Gainesville, for defendants-respondents.

STONE, Judge.

In this proceeding to condemn the right-of-way of a public road across the 193-acre farm of defendants Addington, Taney County appeals from a judgment of $2,000 entered against it upon a jury verdict in the circuit court assessing defendants' damages in that sum.

■ Appellate jurisdiction may not be conferred by waiver, acquiescence or even express consent [Collier v. Smith, Mo.App., 292 S.W.2d 627, 630(4), and cases cited in footnote 8; Bowman v. Phelps County, Mo.App., 36 S.W.2d 414(3)]; and, although (as in the instant proceeding) none of the parties have questioned our appellate jurisdiction, it becomes our initial duty in each case to inquire into and determine our jurisdiction, sua sponte. Perkins v. Burks, Mo., 61 S.W.2d 756, 757(1); State ex rel. and to Use of Hickory County v. Davis, Mo.App., 292 S.W.2d 322(1); Fort Osage Drainage Dist. of Jackson County v. Jackson County, Mo. App., 264 S.W.2d 792(1).

■ This proceeding was instituted and has been conducted "in the name of the county" pursuant to Section 228.100, RS-Mo 1949, V.A.M.S.; Taney County has been at all times, and is now, a party to the record; and, the instant appeal is by Taney County from a judgment entered against it. Under these circumstances, exclusive appellate jurisdiction is in the Supreme Court. Article 5, Section 3, Missouri Constitution of 1945, 2 V.A.M.S.;

Mooney v. County of St. Louis, Mo., 286 S.W.2d 763, 764–765(1); Fort Osage Drainage Dist. of Jackson County v. Jackson County, Mo., 275 S.W.2d 326, 328(1); Odell v. Pile, Mo., 260 S.W.2d 521, 522(1). See also Franklin County v. Missouri Pac. Ry. Co., Mo.App., 183 S.W. 1099, transferred, Mo., 210 S.W. 874, likewise a proceeding "to open a public road."

Accordingly, the clerk of this court is directed to transfer this cause forthwith [Section 477.080, RSMo 1949, V.A.M.S.], together with a copy of this order, to the clerk of the Supreme Court of Missouri.

McDOWELL, P. J., and RUARK, J., concur.