**Nadine GODSY, Plaintiff-Respondent,**

**v.**

**Sherman M. GODSY, Jr., Defendant-Appellant.**

**No. KCD 26808.**

Missouri Court of Appeals, Kansas City District.

March 3, 1975.

Motion for Rehearing and/or Transfer Denied March 31, 1975.

Application to Transfer Denied May 12, 1975.

**450**

Robert C. Jones, John C. Russell, Raytown, for defendant-appellant.

Thaine Q. Blumer, Frank S. Krenzky, Kansas City, for plaintiff-respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

This is a divorce action wherein the defendant (husband) seeks to appeal from a judgment entered in favor of the plaintiff (wife).

At the very threshold of appellate review this court is faced with a primal question of profound and possibly conclusive significance. Does this court have jurisdiction to entertain the husband's "appeal"?

The scope of this court's duty to inquire into and determine its jurisdiction in this case, even though none of the parties have directly questioned the matter, finds clarity of expression in Taney County v. Addington, 296 S.W.2d 129, 129[1] (Mo.App. 1956):

"Appellate jurisdiction may not be conferred by waiver, acquiescence or even express consent [Collier v. Smith, Mo. App., 292 S.W.2d 627, 630(4), and cases cited in footnote 8; Bowman v. Phelps County, Mo.App., 36 S.W.2d 414(3)]; and, although (as in the instant proceeding) none of the parties have questioned our appellate jurisdiction, it becomes our initial duty in each case to inquire into and determine our jurisdiction, sua sponte. Perkins v. Burks, Mo., 61 S.W. 2d 756, 757(1); State ex rel. and to Use of Hickory County v. Davis, Mo.App.,

292 S.W.2d 322(1); Fort Osage Drainage Dist. of Jackson County v. Jackson County, Mo.App., 264 S.W.2d 792(1)."

With the above admonition in mind, certain salient controlling events bearing upon determination of this court's jurisdiction are hereafter chronologized. The judgment appealed from was entered by the trial court on *February 15, 1973*. The husband filed a timely motion for a new trial on *February 28, 1973*. On *March 16, 1973*, the trial court overruled the husband's motion for a new trial. The trial court, on its own motion, on *March 26, 1973*, vacated its order of *March 16, 1973*, overruling the husband's motion for a new trial. Thereafter, on *May 29, 1973*, the trial court again overruled the husband's motion for a new trial. The husband filed his notice of appeal in the trial court on *June 6, 1973*. The husband at no time ever sought a special order from this court to appeal from the judgment complained of as provided in Rule 81.07(a), V.A.M.R., and the time to do so thereunder has long since expired.

The above events, and their sequence, are strikingly similar to those in Bank of Thayer v. Kuebler, et al, 219 S.W.2d 297, 298–299 (Mo.App.1949), an action for "replevin" and "damages", wherein defendants-appellants' "appeal" was dismissed for lack of appellate jurisdiction because they had failed to file their notice of appeal "within the time required by law". Consequently, this court takes the liberty of quoting at length from Bank of Thayer v. Kuebler, et al, supra, and interpolating in the text thereof in brackets, at appropriate places, the dates of corresponding events in this case and Rules of Civil Procedure (substantively the same as those portions of the code sections and statutes cited and relied on therein) prevailing at the time of the corresponding events:

"[T]here are certain positive limitations in the provisions of the Code beyond which no court is authorized to extend its discretion. One of these is that the court 'may not enlarge the period for filing a motion for or granting a new trial, or for commencing an action or taking an appeal as

provided by this code.' Code, Sec. 6(b), Mo.R.S.A. § 847.6(b) [Rule 44.01(b)]. Another is that no appeal is effective without a notice of appeal, filed either within ten days after the judgment becomes final, Code, Sec. 129, Mo.R.S.A. § 847.129 [Rule 81.04], or within six months after the judgment has become final, under special order of the appellate courts on application, Code, Sec. 130, Mo.R.S.A. § 847.130 [Rule 81.07(a)]. Without timely notice of appeal under one or the other of such sections the appellate court acquires no jurisdiction.

"[3, 4] However, appellants contend that they did file a proper notice of appeal, and that the same was timely. The matter requires our careful consideration of each step taken and its nature, time and effect. It must be conceded that defendants' motion for new trial filed November 29, 1947 [February 28, 1973], was proper and timely since the judgment was entered November 19, 1947 [February 15, 1973]. By the timely filing of such motion the finality of the judgment was suspended. When, within 90 days after the motion for new trial was filed, the court disposed of it by overruling it (February 7, 1948) [March 16, 1973], the judgment then became final, Code, Sec. 116, Mo.R.S.A. § 847.116; Rules of Supreme Court, Rule 3.24 [Rule 81.05(a)]. Thereafter the court had no further authority to disturb the judgment or its finality. The 30 day period following the date of the judgment during which the court had control of the judgment had expired. Rules of Supreme Court, rule 3.-25 [Rule 75.01]. The court term is no longer considered in computation of time in such matters under the new Code, Code, Sec. 6(c), Mo.R.S.A. § 847.6(c) [Rule 44.-01(c)]. The 90 day period from the date the motion for new trial was filed, at the expiration of which the motion, if not yet disposed of, is deemed overruled and the judgment thereby becomes final, does not apply here because the motion was overruled by the court within that period, Code, Sec. 118, Mo.R.S.A. § 847.118; Rules of Supreme Court, rule 3.24 [Rule 81.05(a)].

"Hence, the order of the court on February 26, 1948 [March 26, 1973], setting aside its previous order of February 7, 1948 [March 16, 1973], overruling the motion for new trial, and entering a new order as of February 26, 1948 [May 29, 1973], overruling that motion, was without jurisdiction and is null and void. As was said in Camden v. St. Louis Public Service Co., 239 Mo.App. 1199, 206 S.W.2d 699, 703: 'We know of no lawful method which would authorize the trial court to "hold in abeyance" the judgment which had become final.' It follows that the notice of appeal filed March 3, 1948 [June 6, 1973], from a judgment that had become final February 7, 1948 [March 16, 1973], was not filed within ten days after the judgment became final and was, therefore, too late, Code, Sec. 129, Mo.R.S.A. § 847.129 [Rule 81.04]. Neither the trial court nor this court has power to enlarge that period under that section, Code, Sec. 6(b), Mo.R.S.A. § 847.-6(b) [Rule 44.01(b)]. Woods et al v. Cantrell, 356 Mo. 194, 201 S.W.2d 311; Camden v. St. Louis Public Service Co., 239 Mo.App. 1199, 206 S.W.2d 699, 703; Gockel v. Jenkins, Mo.App., 210 S.W.2d 691; McPike v. St. Louis County Bank, Mo. App., 193 S.W.2d 961; Rosbrugh v. Motley et al., Mo.App., 216 S.W.2d 165, 170."

For the reasons stated in Bank of Thayer v. Kuebler, et al, supra, and the Rules of Civil Procedure interpolated therein, the husband's notice of appeal in this case was not filed within the required time and therefore this court has no jurisdiction to entertain his "appeal".

In spite of a natural inclination otherwise, nothing is to be gained by lamenting at length about the harsh result effected by this decision. The question of whether jurisdiction is lodged in this court, in view of the facts presented by the record, is controlled by settled principles of law and Rules of Civil Procedure which this court is not at liberty to ignore or evade.

Appellant-husband's "appeal" must be and is hereby dismissed.

All concur.