**Marvin Donald MAXWELL, Appellant,**

v.

**Constance Faye MAXWELL, Respondent.**

**No. WD 31599.**

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 3, 1980.

Application to Transfer Denied
Dec. 15, 1980.

Shoemaker, Summers & Combs, St. Joseph, for appellant.

Arthur J. Meers, Strop, Roberts, Hale & Thomas, Dan Hale, St. Joseph, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

A husband's dissatisfaction with that portion of a legal separation decree effecting a division and distribution of marital property emerges on appeal.

At the very threshold of appellate review this court is confronted with a question of grave significance. Does this court have jurisdiction to entertain the husband's appeal?

Although unquestioned by either party, it is the initial duty of this court to sua sponte inquire into and determine its jurisdiction. *Taney County v. Addington*, 296 S.W.2d 129 (Mo.App.1956); and *Godsy v. Godsy*, 521 S.W.2d 449 (Mo.App.1975), *cert. denied* 423 U.S. 887, 96 S.Ct. 181, 46 L.Ed.2d 119 (1975).

The following facts triggered this court's sua sponte inquiry into the matter of jurisdiction: A decree of legal separation and division and distribution of marital property was entered by the Circuit Court of Buchanan County on *September 14, 1979*; on January 4, 1980, the husband moved to convert the decree of legal separation to a decree of dissolution of marriage and the court, without objection from either party, did so on the same date; *on February 13, 1980*, the husband filed a notice of appeal;

as evidenced by the husband's brief, the only issue raised on appeal pertains to that portion of the *September 14, 1979*, decree dividing and distributing marital property.

The answer to the vexing question of jurisdiction, considering the facts hereinabove set forth, is found in Sections 452.330 and 452.360, RSMo 1978, and Rules 81.04 and 81.05.

Section 452.330, *supra*, insofar as here pertinent, reads as follows:

"1. In a proceeding for . . . dissolution of marriage or legal separation . . . the court shall divide the marital property in such proportions as the court deems just after considering all relevant factors . . .

4. The court's order as it affects distribution of marital property shall be a final order not subject to modification."

Section 452.360, *supra*, insofar as here pertinent, reads as follows:

"1. A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal. . . .

2. The court's order as it affects distribution of marital property shall be a final order not subject to modification.

3. No earlier than ninety days after entry of a decree of legal separation, on motion of either party, the court may convert the decree of legal separation to a decree of dissolution of marriage."

Rule 81.04, among other things, provides that a notice of appeal "shall be filed not later than ten days after the judgment or order appealed from becomes final." Rule 81.05, among other things, provides that for "the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely notice for a new trial is filed."

In the context of the jurisdictional question raised, Sections 452.330 and 452.-360, *supra*, inevitably dictate the following conclusions. Singularly and collectively Sections 452.330 and 452.360, *supra*, mandate that orders effecting the division and

distribution of marital property, whether in a legal separation proceeding or a dissolution of marriage proceeding, have all the trappings of a final judgment for purposes of appeal and that rendition of a decree of legal separation in lieu of a decree of dissolution of marriage was not intended to toll the time for taking an appeal from that portion of a decree of legal separation dividing and distributing marital property. It is patent from the statutory design that a decree of legal separation was not meant to delay the finality of an attendant decretal provision dividing and distributing marital property.[1] To hold otherwise, the positive language of said statutes would have to be disregarded and the perceptible legislative intent coursing through them would have to be ignored. Reasons which prompted the legislature to draft and enact Sections 452.330 and 452.360, *supra*, as it did, may well be speculative as the General Assembly of Missouri has no counterpart to the Congressional Record. One reason, however, springs to mind with such celerity that it defies credulity to believe that it went unheeded by the legislature. Section 452.360.3, *supra*, provides that "[n]o earlier than ninety days after entry of a decree of legal separation, on motion of either party, the court may convert the decree of legal separation to a decree of dissolution of marriage." No terminal date is fixed as to when either party may move to convert a decree of legal separation to a decree of dissolution of marriage. If a decretal provision dividing and distributing marital property in a legal separation decree were not a final judgment for purposes of appeal until such time as either party saw fit to move to convert the decree of legal separation to a decree of dissolution of marriage, which might never occur, the status of marital property divided and distributed thereby would be suspended in a state of legal limbo. This would be an intolerable situation as the respective recipient's use and enjoyment of his or her share of marital

property would be indeterminately restricted, if not entirely thwarted, thereby effectively nullifying one of the principal purposes sought to be achieved by dividing and distributing marital property. Moreover, any intervening rights of third parties in such property which might subsequently surface would be entangled in a legal morass of staggering proportion.

In summation, the answer to the jurisdictional question is compositely found in Sections 452.330 and 452.360, *supra*, and Rules 81.04 and 81.05, *supra*. The decretal provision dividing and distributing marital property contained in the legal separation decree rendered and entered on September 14, 1979, became a final judgment for purposes of appeal on October 15, 1979. Sections 452.330 and 452.360, *supra* ; and Rule 81.05, *supra*. The time to appeal therefrom expired on October 25, 1979. Rule 81.04, *supra*. As the timely filing of a notice of appeal is a prerequisite of appellate jurisdiction, *Bank of Thayer v. Kuebler*, 240 Mo.App. 776, 219 S.W.2d 297 (1949), and *Godsy v. Godsy, supra*, the husband's belated notice of appeal filed on February 13, 1980, failed to invoke the jurisdiction of this court.

The husband's "appeal" must be and is hereby dismissed for want of jurisdiction.

All concur.

---

1. Under the facts presented by this case, it is unnecessary to decide, and this court expressly refrains from doing so, whether a trial court retains continuing limited jurisdiction to convert a decree of legal separation to a decree of dissolution of marriage pending an appeal from that portion of a legal separation decree dividing and distributing marital property.