Ellen J. BLYTHE, Plaintiff-Respondent,

v.

Keith I. BLYTHE, Defendant-Appellant.

No. 32670.

Missouri Court of Appeals,
Western District.

Jan. 26, 1982.

Rehearing Overruled March 2, 1982.

Application to Transfer Denied
April 13, 1982.

George E. Kapke, Independence, for defendant-appellant.

W. C. Pevestorff, Jr., Independence, for plaintiff-respondent.

Before SOMERVILLE, C. J., Presiding, and WASSERSTROM and LOWENSTEIN, JJ.

PER CURIAM:

This is the second time these parties have appeared before this court concerning action on a contract arising out of their dissolution of marriage. In *Blythe v. Blythe*, 586 S.W.2d 393 (Mo.App.1979) this court affirmed the trial court's grant of a new trial to plaintiff-respondent Ellen J. Blythe after the jury had returned a verdict in favor of defendant-appellant Keith I. Blythe. The detailed facts and prior procedural history of this case may be found in this earlier opinion, 586 S.W.2d at 394.

This appeal concerns a suit brought by plaintiff Ellen J. Blythe upon a written contract for periodic alimony against defendant Keith I. Blythe. Defendant's answer raised the defense of unconstitutionality of the state's dissolution statute. Prior to trial, the parties agreed to the court that the constitutional issue would be taken up after trial. The cause was tried before a jury, which returned a verdict for defendant. The trial court then sustained plaintiff's motion for judgment notwithstanding the verdict (and at the same time conditionally sustained plaintiff's motion for new trial) and entered judgment for plaintiff in the amount of $38,896.81, as prayed for in her petition.

The indispensable prerequisite to appellate review is jurisdiction. Although neither party has objected to jurisdiction here, "[t]his court has a duty *ex mero motu* to inquire into the timeliness of the notice of appeal because in the absence of a timely-filed notice of appeal this court has no appellate jurisdiction. *Perryman v. Perryman*, 507 S.W.2d 671, 672[3] (Mo.App.1974)." *Johnson v. Summers*, 596 S.W.2d 78, 79 (Mo.App.1980). The following chronology bears upon the determination of appellate jurisdiction in this case.

*July 29, 1980*—The jury returned a verdict for defendant and the Court entered judgment for him. Within several days plaintiff filed a motion to set aside defendant's verdict.

*September 4, 1980*—Court sustained plaintiff's motion and entered judgment n. o. v. for plaintiff and conditionally sustained her motion for new trial.

*October 23, 1980*—Defendant filed a "Motion for Judgment for Defendant" alleging the 1971 alimony statute unconstitutional and the parties' alimony contract based on that statute void.

*February 13, 1981*—Court overruled Defendant's October 23 motion.

*February 23, 1981*—Defendant filed his notice of appeal in the Supreme Court of Missouri. The case was transferred by the Supreme Court here without stating a reason.

From this procedural history it is clear that the judgment of the trial court became final when the court entered its judgment n. o. v. on September 4, 1980. Rule 81.05(a); Rule 78.04. The defendant then had 10 days as computed by Rule 44.01(a) to perfect his appeal, (Rule 81.-04(a)), yet this was not done for some 5½ months. Nor did defendant make application for special order allowing a late filing of the notice of appeal. Rule 81.07(a). Thus, defendant's notice of appeal was not filed within the required time and this court has no jurisdiction over the matter. *Max-*

*well v. Maxwell,* 607 S.W.2d 805, 807 (Mo. App.1980).

Defendant's "Motion for Judgment", filed some 49 days after the court directed the verdict for plaintiff, could in no way have tolled the period for perfecting his appeal. This is true even though the parties agreed prior to trial that defendant's constitutional defense "should be taken up in post-trial motions since they would not in any way affect the factual issues to be tried to the jury . . . ," and in spite of the fact the trial court acquiesced to the parties' agreement and later accepted and ruled on defendant's post-trial motion. Neither the trial court nor the parties can go beyond the Rules and change the prerequisites for this court's jurisdiction. First, "[a]ppellate jurisdiction may not be conferred by waiver, acquiescence or even express consent [of the parties]." *Godsy v. Godsy,* 521 S.W.2d 449, 450 (Mo.App.1975) (cites omitted). Second, a trial court " 'may not enlarge the period for . . . taking an appeal as provided by this code. Code, Section 6(b) Mo.R.S.A. § 847.6(b)' [Rule 44.01(b)]." *Godsy, supra,* quoting from *Bank of Thayer v. Kuebler, et al.,* 219 S.W.2d 297, 298–299 (Mo.App.1949).

Thus, once the trial court sustained plaintiff's motion for judgment n. o. v. on September 4, 1980, "the court had no further authority to disturb the judgment or its finality. The 30 day period following the date of the judgment during which the court had control of the judgment had expired." 219 S.W.2d at 299. *See Godsy, supra* at 451; Rule 75.01. Hence, the trial court's disposition of defendant's post-trial motion of February 13, 1981 was without jurisdiction and was a nullity. Defendant's notice of appeal, filed February 23, 1981, was out of time and was not extended per Rule 81.07(a).

As this court stated in *Godsy* :

In spite of a natural inclination otherwise nothing is to be gained by lamenting at length about the harsh result effected by this decision. The question of whether jurisdiction is lodged in this court, in view of the facts presented by the record, is controlled by settled principles of law and Rules of Civil Procedure which this court is not at liberty to ignore or evade.

Appeal dismissed.

## ON MOTION FOR REHEARING

■ Defendant's motion contends that his appeal should not be dismissed because the judgment of the trial court was not an appealable "final judgment". Defendant contends that the trial court did not dispose of the issue of the constitutionality of the Missouri alimony statute until it overruled defendant's "Motion for Judgment for Defendant" contesting the validity of that statute. Because this court inquired *sua sponte* into the timeliness of defendant's notice of appeal, the parties did not have an opportunity to brief or argue the point. Thus, although we hereby overrule and deny the motion, this court believes defendant's point merits a response.

"To be final and appealable, a judgment must dispose of all parties and all issues in the case and leave nothing for future determination, unless the court has ordered a separate trial of any claim or issue or has specified the judgment to be a final judgment for purposes of appeal." *Mullen v. Dike Development Co.; Inc.,* 560 S.W.2d 337, 339[1] (Mo.App.1977); Rule 81.06.

The constitutional question defendant claims would void the alimony contract cannot be deemed an "issue" which should have been resolved at trial in order for the judgment to be final. The purpose of that general rule is to prevent piecemeal presentation of claims, cross-claims and counterclaims on appeal. *Kansas City Power and Light Co. v. Kansas City,* 426 S.W.2d 105, 108 (Mo.1968); *Bays v. Lueth,* 323 S.W.2d 236, 237 (Mo.1959). In contrast, defendant's allegation here sought no affirmative relief, but was merely a *defense* to plaintiff's claim for breach of contract. The allegation was first brought up in defendant's answer and was postponed from consideration by the trial court only by agreement of the parties. The constitutional "issue" here does not fit into the general rule regarding the finality of judgments. The cases cited by defendant concern the trial court's fail-

ure to dispose of other parties to the cause of action or a separate count in the petition which could have been considered a separate and triable claim. This is not the case here.