**Georgia Otella DISMUKE, Plaintiff-Appellant,**

v.

**P.L. McLARIN, Defendant-Respondent.**

**No. 13276.**

Missouri Court of Appeals,
Southern District,
Division Three.

Feb. 7, 1984.

Francis J. Siebert, Scott City, Stephen L. Taylor, Sikeston, for plaintiff-appellant.

James M. Hux, Hux & Green, Sikeston, for defendant-respondent.

FLANIGAN, Judge.

This appeal must be dismissed for lack of jurisdiction. In 1980 Civil Action No. CV 380–543 CC was filed in the Circuit Court of Scott County by plaintiff Dismuke against defendant McLarin. In that action plaintiff sought damages for injuries she allegedly sustained by reason of defendant's defective sidewalk. Defendant filed a motion for summary judgment. The following is a recital of the sequence of pertinent events:

January 5, 1983—The trial court sustained defendant's motion for summary judgment and dismissed the action.

January 17, 1983—Plaintiff filed a "Motion to Vacate Judgment."

March 7, 1983—The trial court overruled the January 17 motion.

March 21, 1983—Plaintiff filed notice of appeal.

 The motion of January 17 was timely. Rule 73.01(a)(3).[1] For the purpose of ascertaining the time within which an appeal may be taken, the judgment of January 5 became final on March 7, the date of the disposition of the January 17 motion. Rule 81.05(a). Rule 81.04 reads, in pertinent part: "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." The March 21 filing of the notice of appeal was untimely.

Perhaps recognizing the untimeliness of her initial appeal, plaintiff dismissed that appeal in this court on April 21, 1983.

It happens that on April 15, 1983, the trial court purported to enter another judgment and it is from the latter "judgment" that plaintiff now seeks to appeal. The April 15 "judgment" was a nullity. The 30-day period following the date of the January 5 judgment during which the trial court had control of the judgment, Rule 75.01, had expired. When, within 90 days after the timely filing of the January 17 motion, the court disposed of it by overruling it on March 7, the judgment then became final and the trial court thereafter "had no further authority to disturb the judgment or its finality." *Hynes v. Risch*, 243 S.W.2d 116, 117[4, 5] (Mo.App.1951).

In the absence of any request to this court for a special order to appeal under Rule 81.07(a), and there was no such request, the untimeliness of the filing of the notice of appeal on March 21 is a jurisdictional defect. *Goldberg v. Mos*, 631 S.W.2d 342, 345 (Mo.1982).

Appeal dismissed.

GREENE, C.J., and MAUS, PREWITT and CROW, JJ., concur.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.