**Frankie M. McFADDEN,**
**Plaintiff-Respondent,**

v.

**Lawrence Leslie HARTMAN,**
**Defendant-Appellant.**

**No. 13132.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 26, 1984.

Gene C. Thompson, Carthage, for defendant-appellant.

James R. Spradling, Carthage, for plaintiff-respondent.

MAUS, Presiding Judge.

On September 10, 1979, Frankie M. McFadden, as vendor, and Lawrence Leslie Hartman and Debra Sue Hartman, as vendees, entered into a "Contract for Deed." That contract resulted in multi-count litigation between the parties as described in *State ex rel. Hartman v. Casteel,* —— S.W.2d ——, S.D. No. 13122, May 18, 1984. Subsequently, Hartman brought an action for "betterments" under §§ 524.-160 to 524.250. That action led to *Hartman v. McFadden,* 675 S.W.2d 454 (Mo. App.1984). The details of this tangled litigation can be found in *State ex rel. Hartman v. Casteel,* supra, and will only be summarized herein.

All eight counts of the initial litigation were tried on August 25, 1982. A judgment was entered in response to each count. Title to the subject real property was quieted in McFadden and she was awarded possession thereof and damages. There was also a verdict against McFadden upon her claim for rent for a separate tract of real property. Also included was a verdict for Hartman against McFadden in the amount of $26,000 for wrongful entry. On September 29, 1982, the trial court awarded McFadden a new trial on the latter two counts. Hartman's after trial motions, including his motion for a new trial, were overruled.

On January 14, 1983, McFadden requested the issuance of a writ of possession. On January 19, 1983, Hartman filed a pleading entitled "Motion to Set Aside Judgment Nisi and Hold in Abeyance." The body of that motion prayed that the judgment for possession and for damages against Hartman "be set aside and held in abeyance until entry of a single final judgment disposing of all parties and all issues so as to have a single final judgment for purposes of one single possible appeal." That motion was overruled on February 2, 1983.

In *State ex rel. Hartman v. Casteel,* supra, Hartman asked this court to prohibit the Circuit Court and Sheriff of Jasper County from enforcing the writ of possession. Hartman contended that prohibition was a proper remedy because he could not appeal from the judgment for possession. This court discussed many facets involved in determining when a judgment is final for the purpose of appeal within the meaning of § 512.020 and Rules 81.05 and 81.06. However, the court, because of the posture of the case, quashed the preliminary writ upon a discretionary basis.

"Although unquestioned by either party, it is the initial duty of this court to sua sponte inquire into and determine its jurisdiction." *Maxwell v. Maxwell,* 607 S.W.2d 805, 806 (Mo.App.1980). Also see *Nelson v. City of Chester, Illinois,* 667 S.W.2d 743 (Mo.App.1984). Hartman has appealed from the action of the court in denying his motion to set aside judgment nisi and hold in abeyance. His sole point on appeal is that the court erred in that denial "in that no final judgment disposing of all parties and all issues had been entered in the trial court." To support that point he cites *Snadon v. Gayer,* 566 S.W.2d 483 (Mo.App. 1978) and other cases dealing with the separate trial of issues under Rules 66.02, 78.01 and 84.14. Also see *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54 (Mo. banc 1974).

"The right of appeal is a statutory right governed by § 512.020, RSMo (1978)." *Lipton Realty v. St. Louis Housing Auth.,* 655 S.W.2d 792, 793 (Mo.App. 1983). Section 512.020 provides for an appeal from certain designated orders "or from any *final judgment* in the case." (Emphasis added). It has been held the portion of that section providing for an appeal from "any special order after *final judgment* in the cause" (emphasis added), refers to orders in special proceedings attacking or aiding the enforcement of the judgment, *Carrow v. Carrow,* 294 S.W.2d 595, 597 (Mo.App.1956), or in subsequent ancillary proceedings. *Bussiere's Adm'r v. Sayman,* 257 Mo. 303, 165 S.W. 796 (banc 1914). Also see *Nelson v. Nelson,* 516 S.W.2d 574 (Mo.App.1974). By its terms

the provision does not encompass an order denying a motion such as the motion in question. The appellant does not contend the motion presents an irregularity within the meaning of Rule 74.32. Compare *ABC Fireproof Warehouse Co. v. Clemans*, 658 S.W.2d 28 (Mo. banc 1983) and *Moore v. Luna*, 626 S.W.2d 417 (Mo.App.1981).

It is not appropriate to determine if the judgment for possession and damages is a final judgment. Hartman has appealed from an order denying his motion. "Absent specific authority, appeals do not lie from rulings on motions which do not constitute a final disposition of the cause, as cases are not to be brought to appellate courts by appeal in detached portions." *Morrison v. Estate of Martin*, 427 S.W.2d 783, 784 (Mo.App.1968); *Weir v. Brune*, 364 Mo. 415, 262 S.W.2d 597 (1954). "The denial of a motion of this type is not an appealable judgment." *Bildner v. Giacoma*, 522 S.W.2d 83, 87 (Mo.App.1975). It cannot be argued the denial of the motion was, in this multi-count litigation, the last ditch. See *Schulz v. Schulz*, 612 S.W.2d 380 (Mo.App.1981).

■ Appeals from orders denying motions for judgments or new trials taken in good faith have been considered as appeals from the judgment complained of. *Bildner v. Giacoma*, supra. However, even extending that treatment to Hartman's appeal will not vest this court with jurisdiction of the cause. If the judgment complained of was final, this court has no jurisdiction because Hartman's notice of appeal was not filed within 10 days after that judgment became final. *Maxwell v. Maxwell*, supra; *Phillips v. Frazier*, 537 S.W.2d 251 (Mo.App.1976). Compare *Godsy v. Godsy*, 521 S.W.2d 449 (Mo.App.1975), appeal dismissed, 423 U.S. 887, 96 S.Ct. 181, 46 L.Ed.2d 119 (1975); *Camden v. St. Louis Public Service Co.*, 239 Mo.App. 1199, 206 S.W.2d 699 (1947). On the other hand, if the judgment awarding possession and damages is not final, it is interlocutory in nature. This court has no jurisdiction of an appeal from an interlocutory judgment. *Bolin v. Farmers Alliance Mut. Ins. Co.*,

549 S.W.2d 886 (Mo. banc 1977). "Furthermore, where the original judgment, decree, or order is not appealable, an order granting or denying a motion to vacate it is not itself appealable." 4 C.J.S. Appeal & Error § 132(b). Also see *Blythe v. Blythe*, 630 S.W.2d 198 (Mo.App.1982). For the reasons stated, this court has no jurisdiction and the appeal is dismissed.

HOGAN and PREWITT, JJ., concur.