**CARLSON CONSTRUCTION COMPANY, INC., Plaintiff–Respondent,**

v.

**MATTES BROTHERS CONSTRUCTION CO., Defendant–Appellant.**

No. 15579.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 5, 1988.

Daniel E. Scott, Copeland, Scott & Whelan, Joplin, for plaintiff-respondent.

William J. Fleischaker, Roberts, Fleischaker & Williams, Joplin, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from a judgment entered against it on January 4, 1988 for $1,267.80. Initially, following nonjury trial on October 15, 1987, judgment was entered in favor of defendant. On October 16, 1987, plaintiff filed a "Motion for Reconsideration". The trial court overruled that motion on October 22, 1987. On October 29, 1987, the trial court entered an order withdrawing its ruling on the motion for reconsideration and setting it for a hearing to be held on November 16, 1987. Following that hearing on January 4, 1988, a judgment appealed from was entered.

By agreement of the parties this matter was heard and determined under the civil practice and procedure applicable for circuit judges. See § 478.225.4, RSMo 1986; § 478.250.2, RSMo 1986. Plaintiff's motion for reconsideration appears to be, and the parties treat it as a motion to amend the judgment provided for in Rule 73.01(a)(3).

Relying on *Dismuke v. Mclarin,* 665 S.W.2d 71 (Mo.App.1984), defendant contends that the trial court lost jurisdiction to enter the purported judgment of January 4, 1988 because the judgment of October 15, 1987 became final on October 22, 1987 when the motion for reconsideration was denied. *Dismuke* states that when the trial court overruled a motion to vacate a judgment the judgment became final and trial court thereafter had no authority to affect the judgment. 665 S.W.2d at 72.

Plaintiff does not contest the holding in *Dismuke*, acknowledging that it "is good law, but it does not govern this case", stating that the trial court's ruling in *Dismuke* occurred more than 30 days after the judgment. Plaintiff relies upon Rule 75.01, contending that under it the trial court retained jurisdiction for 30 days after the entry of a judgment and thus had authority to withdraw its October 22 ruling by its ruling of October 29, because it occurred only fourteen days after the judgment was entered.

As plaintiff notes, cases state that when after judgment motions such as a motion for new trial are ruled upon the trial court loses jurisdiction over the case if the thirty-day period after entry of judgment has passed. See *Bank of Brookfield–Purdin, N.A. v. Burns,* 730 S.W.2d 605, 607 (Mo. App.1987); *Dayringer v. Mullen,* 651 S.W. 2d 500, 502 (Mo.App.1983); *Blythe v. Blythe,* 630 S.W.2d 198, 200 (Mo.App.1982); *Godsy v. Godsy,* 521 S.W.2d 449, 451 (Mo. App.1975). See also *Stutte v. Brodtrick,* 259 S.W.2d 820, 826 (Mo.1953). Plaintiff contends that these cases are saying that if the thirty-day period has not passed the trial court can still rule on matters before it or change its earlier rulings.

However, in those cases the statements are in regard to the trial court still having authority to affect the judgment, not to set aside a ruling on an after-trial motion. Rule 75.01 does not aid plaintiff. It gives the trial court "control over judgments during the thirty-day period" and allows it to "vacate, reopen, correct, amend, or modify its judgment within that time." The trial court did none of these. The ruling made was not a part of the judgment but was on a motion after the judgment.

It could be contended that the court might, under this rule, incidentally have the power to make any orders that might eventually affect the judgment, but this would be contrary to the clear wording of the rule. Rule 75.01 does not affect the holding in *Dismuke*.

Whether the trial court might have had authority to set aside or otherwise affect the judgment here after it overruled the motion to reconsider we need not decide. Having ruled on the aftertrial motion the trial court lost jurisdiction to set that ruling aside.

The judgment is reversed and the cause remanded for the trial court with directions that it set aside the judgment of January 4, 1988 and reinstate the judgment entered on October 15, 1987.

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.